THE STATE *ex rel.* HOWSER v. OLIVER, *Judge, Appellant.*

Division One, May 22, 1893.

1. **Witness Fees:** JUDGE OF GREENE CRIMINAL COURT: SUPERVISION OF BY CIRCUIT COURT. The judge of the criminal court of Greene county in auditing and certifying to the state auditor fee bills for witness fees in criminal cases is subject to the control and supervision of the circuit court of Greene county.

2. **Witness Fees, Statutory Authority For.** The right of a witness to have his fees taxed as costs against a party to a suit must be founded on some statutory provision.

3. **Civil Causes:** WITNESS FEES: CONTROL OF JUDGMENT. A witness in a civil cause has no control of the judgment independent of the party in whose favor it was rendered, although he has a right to his fees as incident to such judgment. *(Hoover v. Railroad,* 115 Mo. 77.)

4. **Costs, Security For:** POOR PERSON. A plaintiff in a suit may be required to give security for the payment of costs, or if unable to do so, may be allowed, in the discretion of the court, to prosecute his suit "without fees, tax or charge." (Revised Statutes, 1889, sec. 2918.)

5. **Mandamus:** PUBLIC OFFICER. *Mandamus* will lie against a public officer to compel the performance of a mere ministerial act, but will not lie to control the exercise of a discretionary power.

6. ———: CRIMINAL COURT JUDGE: FEE BILLS. The act of the judge of a criminal court in auditing and certifying to the state auditor fee bills in criminal cases is not simply ministerial, but requires the exercise of judgment and discretion, and will not be controlled by *mandamus.*

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*B. U. Massey, T. J. Delaney* and *John M. Wood,* Attorney General, for appellant.

(1) The circuit court had no power, authority or jurisdiction to grant said writ. The judge of the criminal court had exercised his judgment and discretion and passed upon said fee bill; if erroneous, that judgment can by proper means be reviewed and corrected in the appellate court, but the circuit court cannot substitute its judgment for the judgment of the judge of the criminal court. (2) The judge of the criminal court of Greene county is forbidden by law from allowing and certifying fees against the state to witnesses who were not examined in the case, or from taxing the state with more than the costs of three witnesses to establish any one fact. Revised Statutes, 1889, sec. 4420; *State ex rel. v. Hill,* 72 Mo. 512.

*Goode & Cravens* for respondents.

(1) The circuit court shall exercise superintending control over criminal courts  *  *  *  and all inferior tribunals in each county in their respective circuits. Constitution of Missouri, art. 4, sec. 23. The circuit court has power by *mandamus* to control inferior tribunals. *County Court v. Sparks,* 10 Mo. 117. (2) The criminal court of a county is an inferior tribunal, subject to supervisory control by the circuit court. Constitutional provisions, *supra; State v. Daniels,* 66 Mo. 192; *State ex rel. v. Laughlin,* 73 Mo. 443. (3) But this is not a proceeding against the criminal court at all. It is against an officer—the judge of that court.

Aside from the constitutional provision cited above, the circuit court by virtue of its general jurisdiction may control officials within its county in, ministerial matters by the writ of *mandamus*. In a proper case (that is to say when no redundant witnesses were summoned) the judge may be compelled by *mandamus* to certify for payment, a bill of their fees. *State ex rel. v. Hill*, 72 Mo. 512. The evidence shows that no unnecessary witnesses were subpœnaed either by the state or defense for Berry's trial, and that not more than three witnesses were subpœnaed in fact. The fees of witnesses called in good faith, though not examined, are allowed. *Lee v. Hodges*, 3 Scam. (Ill.) 15; *Jeffrey v. Hirsch*, 58 Mich. 246.

MACFARLANE, J.—This is a proceeding by *mandamus*; commenced in the circuit court of Greene county, to compel defendant Oliver, as judge of the criminal court of Greene county, to certify to the state auditor the fees of ninety-nine witnesses, who were summoned to attend, and did attend the sitting of said criminal court, in the trial of the case of the *State v. Berry*, charged with the murder of Kinney, in which the defendant was acquitted.

A demurrer to the alternative writ, on the ground that the statements and allegations thereof did not authorize its issuance, was overruled and defendant answered, averring that a complete fee bill specifying each item of services and the fee therefor had been made out and delivered to the prosecuting attorney by the clerk of said court, and that defendant with said prosecuting attorney did, after investigating the bill, and correcting the same, allow the fees of ninety-five witnesses in said cause, being all the witnesses examined in said cause on either side, and in such certificate

State v. Oliver.

defendant did allow fees for at least three witnesses to establish every fact in issue in said cause.

A reply to the return was filed denying the allegations thereof and the cause was tried upon the pleadings and resulted in a judgment making the writ peremptory, and from that judgment the defendant appealed to the St. Louis court of appeals where the judgment was reversed, but the cause was certified to this court for final hearing under the provisions of section six of the amendment to the constitution establishing the Kansas City court of appeals.

I. There can be no doubt, we think, of the correctness of the ruling of the court of appeals that, "whether defendant was acting in the premises in a ministerial capacity as a member of an auditing committee, or whether he was acting judicially as a judge of an inferior court of record, he was, in either event, subject to the control and supervision of the Greene county circuit court." Const. of Mo., art. 6, sec. 23; *State v. Daniels*, 66 Mo. 192.

II. The right of a witness to have his fees taxed as costs against one party or the other, if it exists at all, must be found within some statutory provision. "No final costs were recoverable by the plaintiff or defendant at common law." Tidd's Practice [3 Am. Ed.] 945; *Hoover v. Railroad*, 115 Mo. 77, and cases cited. The statute makes provision that "in all civil actions or proceedings of any kind the party prevailing shall recover his costs against the other party except in those cases in which a different provision is made by law." Provision is also made for taxing as costs, the fees of witnesses attending the trial of all civil cases under process of the court, and for the collection of the same. Under these provisions the clerks of courts of records, under the supervision of the court, examine and audit the fees of all witnesses. Secs.

2920, 2925, 2946, 4980. Under these sections of the statutes, and not otherwise, the witnesses in civil cases are given the right to their fees as incident to the judgment in the case. But it is held even with these statutory rights that the witness has no control of the judgment, independent of the party in whose favor it was rendered. *Hoover v. Railroad, supra.*

In civil actions the parties to the suit are present, at every step in the proceeding, watching its progress and guarding against unnecessary cost and expense, not knowing upon whom it may fall. A plaintiff may be required to give security for the payment of costs, or, if unable to do so, may be allowed, in the discretion of the court, to prosecute his suit "without fees, tax or charge." Sec. 2918. It is manifest that these provisions under which litigants are able to protect themselves against improper and unjust allowance of cost would afford no safeguard against extravagance, impositions and frauds in case the costs should be payable out of the public treasury. A more careful investigation in the allowance of costs in criminal cases and proper limitation upon the number of witnesses in whose favor costs should be taxed became therefore necessary. To meet these wants are the following sections of the statutes of 1889:

Sec. 4411. "The clerk of the court in which any criminal case shall have been determined or continued generally shall, immediately after the adjournment of the court and before the next succeeding term, tax all costs which have accrued in the case; and, if the state or county shall be liable under the provisions of this article for such costs or any part thereof, he shall make out and deliver forthwith to the prosecuting attorney of said court a complete fee bill, specifying each item of services and the fee therefor.

State v. Oliver.

Sec. 4412. "It shall be the duty of the prosecuting attorney to strictly examine each bill of costs which shall be delivered to him, as provided in the next preceding section, for allowance against the state or county, and ascertain as far as possible whether the services have been rendered for which charges are made, and whether the fees charged are expressly given by law for such services, or whether greater charges are made than the law authorizes, and if said fee bill has been made out according to law, or if not, after correcting all errors therein, he shall report the same to the judge of said court, either in term or in vacation, and if the same appears to be formal and correct, the judge and prosecuting attorney shall certify to the state auditor, or clerk of the county court, accordingly as the state or county is liable, the amount of costs due by the state or county on the said fee bill, and deliver the same to the clerk who made it out, to be collected without delay, and paid over to those entitled to the fees allowed."

Sec. 4420. "The judge and prosecuting attorney shall in no case tax the state or county with more than the costs of three witnesses to establish any one fact, nor with the costs of witnesses unnecessarily summoned and not examined, but the costs of such surplus or unnecessary witnesses shall, in the discretion of the court, be taxed against the party or attorney causing them to be summoned."

The proceedings through which the witnesses, after properly making their claim, were to secure payment of their fees, out of the state treasury, were confined to these sections of the statutes. Now assuming, but not deciding, that each witness, or, as in this case, the assignee of the fees of a number of witnesses, has "such an independent right in the question of taxation of

costs as to enable them to maintain an action in their own name to enforce their taxation,'' was the judgment rendered by the circuit court authorized under the pleadings? It is well settled that *mandamus* will lie against a public officer to compel the performance of a mere ministerial act, but will not lie to control a discretionary power. If then the duties of the defendant in auditing and certifying fee bills to the state auditor were not simply ministerial but required the exercise of any especial discretion or judgment and he acted in the premises according to his judgment, though erroneously, the writ was improvidently issued. High on Extraordinary Legal Remedies, sec. 102; *State ex rel. v. Marshall*, 82 Mo. 486; *State ex rel. v. County Court*, 83 Mo. 540; *State ex rel. v. Cramer*, 96 Mo. 75.

The matter in issue was one of fact, whether it were true, as stated in the return, that defendant allowed in the fee bill certified to the state auditor, ''fees for at least three witnesses to establish any one fact in said cause.'' If the determination of that question called for the exercise of discretionary powers and judgment, then the action of defendant cannot be controlled by *mandamus*. Unless such powers were intended to be conferred upon the judge of the criminal court, it is difficult to see any good reason why the supervision of the fee bill made out by the clerk should have been given to and so positively enjoined upon the judge and prosecuting attorney. The mere ministerial act of calculating the amount of the mileage and *per diem* of a witness at rates fixed by the statute could have been done as well by the clerk. That is not all that is required by this statute. There must be a determination of what issues of fact were involved in the trial and the number of witnesses necessary, not exceeding three, to each fact to properly present those issues to the jury. The statute does not mean that the number of inde-

pendent facts must be ascertained and three witnesses allowed to each fact, though one or more witnesses might testify to a number of them. The judge and prosecuting attorney are present throughout the trial, hear the testimony of all the witnesses, know what issues were tried, and are especially qualified to judge of the witnesses who showed a knowledge of the various facts and in doing so they must exercise judgment.

On the trial it was insisted that there were as many as sixty independent facts in issue and therefore fees for at least one hundred and eighty witnesses should have been allowed. The court stenographer was examined as a witness, and called upon to enumerate the independent facts which were for determination. He commenced his enumeration as follows: That Kinney was killed; when Kinney was killed; where Kinney was killed; how Kinney was killed; by whom Kinney was killed, etc. Here we have five facts, which required according to the theory of relator the allowance of fees for fifteen witnesses. It may have been that three witnesses knew of and testified to each of these facts and possibly a number of others in the case. To avoid the allowance of fees for fifteen witnesses, when three were all that should have been paid by the state, was the purpose and intent of the statute. If no discretion was allowed these auditing officers, the statute would be wholly nugatory.

No witness has a right, independent of the statute, to enforce a claim against the state for fees for attendance upon the trial of a criminal case. The question of justice or injustice to the witness is not a matter for consideration. If he is given no right to look to the state, for compensation, then he has no right except it be against the party at whose instance he attended. When it was made to appear that the defendant and prosecuting attorney decided upon the number and

names of the witnesses whose fees should be paid by the state, the decision properly certified concluded both the witnesses and the state, and the propriety or correctness of the decision cannot be reviewed by *mandamus*. Judgment of the court of appeals affirmed. All concur, except BARCLAY J. who is absent.