[Decided August 9, 1897.]
## IRWIN *v.* KINCAID.
(49 Pac. 765.)

Mandamus—Secretary of State—Examination of Claims.—Under Hill's Ann. Laws, § 2848, providing that the secretary of state shall cause to be printed blank assessment rolls and other forms; and § 2208, subdivision 7, requiring him to examine the claim therefor, and to draw his warrant for it, if correct,—mandamus will issue to compel him to act, but not to direct how or to what effect he shall act; since, in passing on the quality of the work and materials, reasonableness of the charge, etc., he must exercise his discretion and judgment: *Croasman* v. *Kincaid,* 31 Or. 445, applied.

From Marion: Henry H. Hewitt, Judge.

Mandamus by the Irwin-Hodson Company to compel Harrison R. Kincaid, secretary of state, to audit a claim, and draw his warrant for it. From a judgment in favor of defendant, plaintiff appeals.

Reversed.

For appellant there was an oral argument by *Mr. Ralph E. Moody.*

For respondent there was an oral argument by *Mr. N. B. Knight.*

Mr. Justice Wolverton delivered the opinion.

This case involves the question whether the secretary of state ought to be required to audit and allow and draw his warrant upon the treasurer for $221.50, the amount of a certain claim in favor of plaintiff which is for ruling and binding thirty-three volumes of assessment and tax rolls and ruling recapitulation sheets, at the instance and request of the secretary.

He is authorized to incur the expense by section 2848, Hill's Ann. Laws, which is as follows: "The secretary of state shall from time to time, as he may deem proper, cause to be printed blank assessment rolls and other forms for proceedings required by this chapter, and shall transmit the same, together with such instructions as he shall think useful, to the several county clerks in this state, who shall distribute the same to the assessors of their several counties." The duty to examine and determine the claim and to draw his warrant therefor is imposed by section 2208, subdivision 7, discussed and construed in *Shattuck* v. *Kincaid*, 31 Or. 379 (49 Pac. 758), but the act required is one involving the exercise of discretion and judgment. He must satisfy himself touching the quality of the work and materials furnished, and determine upon the reasonableness of the charge, or whether in accord with the contract, if any. The writ of mandamus can therefore only require that he act in the premises, not direct how or to what effect he shall act, and is governed in all material concerns by the rules of law ascertained and applied in the case of *Croasman* v. *Kincaid*, 31 Or. 445 (49 Pac. 764), just decided, and the order will be the same here as in that case.

REVERSED.