Argued January 18, dismissed February 1, rehearing denied February 23, 1916.

## In Re CLARK.*

(154 Pac. 748; 155 Pac. 187.)

**Mandamus—Exercise of Judicial Discretion—Dismissal of Indictment —"May."**

1. Section 1704, L. O. L., providing that the court "may" on its own motion, or on an application of the district attorney, and in furtherance of justice, order that an action after indictment be dismissed, the reasons being stated, vests a judicial discretion in the court; and hence the court cannot, by *mandamus*, be compelled to sign an order of dismissal on application of the district attorney.

[As to *mandamus* against judicial officers and tribunals, see note in 98 Am. St. Rep. 890.]

ON PETITION FOR REHEARING.

**Mandamus—Ministerial and Judicial Acts.**

2. *Mandamus* lies to compel the performance of ministerial acts or to require subordinate judicial tribunals to exercise their judicial functions, but not to compel them to exercise them in a particular way.

**Mandamus—Existence of Other Remedies.**

3. Section 613, L. O. L., provides that *mandamus* may issue to any inferior court, etc., to compel the performance of an act which

*On *mandamus* as a method of superintending control over inferior courts, see note in 51 L. R. A. 33.　　　　REPORTER.

the law enjoins, but that the writ shall not control judicial discretion, and shall not be issued in any case where there is a plain, speedy and adequate remedy at law. Section 1701 provides that if a defendant indicted for a crime, whose trial has not been postponed upon his application or consent, be not brought to trial, at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment dismissed, unless good cause to the contrary be shown. Section 1606, as amended by Act of February 10, 1915 (Laws 1915, p. 70), authorizes an appeal from an order refusing to dismiss an indictment as provided in Section 1701. Section 1704 provides that the court may either of its own motion or upon the application of the district attorney order an action after indictment to be dismissed. *Held*, that as a defendant whose trial under an indictment resulted in a mistrial, and who was not again brought to trial, had a plain remedy by his own application for a dismissal of the indictment, coupled with a cumulative remedy by appeal, *mandamus* would not lie to compel the Circuit Court to grant the request of the district attorney for the dismissal of the indictment.

Original proceedings in Supreme Court.

In Banc. Statement by ·Mr. Justice Benson.

Albin L. Clark commenced a *mandamus* proceeding in this court to require John P. Kavanaugh, Judge of the Circuit Court of the State of Oregon, for the county of Multnomah, Department No. 1, to sign an order dismissing an indictment. A demurrer to the answer overruled and writ dismissed.　　　　　Dismissed.

For the petitioner there was a brief and an oral argument by *Mr. Wilson T. Hume.*

For defendant there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and ·*Mr. George M. Brown,* Attorney General, with an oral argument by *Mr. Brown.*

Mr. Justice Benson delivered the opinion of the court.

On April 29, 1915, the petitioner was indicted for the crime of willfully and fraudulently altering and destroying white ballots cast at an election. There-

after he entered a plea of not guilty, and on May 17, 1915, a trial was had in which the jury was discharged for inability to agree upon a verdict. Another trial was begun on May 25th of the same year, which resulted in a conviction, and thereafter the verdict was set aside for the reason that in the interval the official stenographer, who reported the trial, died, and it was therefore impossible to secure a record thereof. About December 10, 1915, the district attorney moved to dismiss the indictment under Section 1704, L. O. L., and tendered a written order reciting the reasons for the signature of Judge Kavanaugh, to whom the motion was presented, and it was by him denied. The record discloses that a like motion had previously been presented to and denied by two other circuit judges of Multnomah County. Thereupon the petitioner applied to this court for a peremptory writ of *mandamus* requiring Judge Kavanaugh to sign the order of dismissal. In response to the petition an alternative writ was issued by this court, and an answer thereto was duly filed, to which the petitioner demurs. Section 1704, L. O. L., upon which this proceeding is based, reads as follows:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed; but in that case, the reasons of the dismissal must be set forth in the order, which must be entered in the journal."

The petitioner contends that the word "may" in the above section means "must," and that the lower court has no discretion in the premises, but must sign the order of dismissal when requested by the district attorney. The law above quoted was Section 323 of Deady's Code, and was a part of Chapter 31 thereof,

as enacted in 1864. In this chapter there are seven sections, enacted at the same time, all being in relation to the "dismissal of actions after indictment for want of prosecution or otherwise." . In the other sections of the chapter which provide for the dismissal, the word "must" is used. It seems clear that the legislature had the intention of differentiating them when in this section it used the word "may." In fact, the language of the section itself, taken alone, can lead to but one conclusion, and that is that the court is expected to use judicial discretion in furtherance of justice.

"*Mandamus* will not lie to control the exercise of the discretion of any court when the act complained of is either judicial or *quasi* judicial, and while *mandamus* may be invoked to compel the exercise of discretion, it cannot compel such discretion to be exercised in any particular way": 26 Cyc. 158; *Croasman* v. *Kincaid,* 31 Or. 445 (49 Pac. 764); *Irwin* v. *Kincaid,* 31 Or. 478 (49 Pac. 765).

It follows that the demurrer to the answer must be overruled and the writ dismissed, and it is so ordered.

          DEMURRER OVERRULED. WRIT DISMISSED.

<hr>

Denied February 23, 1916.

ON PETITION FOR REHEARING.

(155 Pac. 187.)

*Mr. Wilson T. Hume,* for the petition.

*Mr. George M. Brown,* Attorney General, and *Mr. Walter H. Evans,* District Attorney, *contra.*

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

In a skillfully argued petition for rehearing it is pressed upon our attention that it was the mandatory

duty of the Circuit Court to dismiss the indictment
on the motion of the district attorney accompanied by
his reasons therefor; and, further, that if this court
should adhere to its opinion that the matter was within
the discretion of the Circuit Court, nevertheless it was
an abuse of that prerogative to deny the motion under
the circumstances stated in the writ. Bearing in mind
the legal maxim to the effect that all parts of a statute
must be construed together, we reiterate the statement
of Mr. Justice BENSON that because in the chapter of
the Code of Criminal Procedure on the dismissal of
actions for want of prosecution or otherwise the term
"may" is used in some places, and the stronger word
"must" is employed in others, it was the evident in-
tention of the legislature to make the duty mandatory
in the latter class, and optional in the former.

In the chapter mentioned there is a procedure laid
down which the defendant in a criminal case may pur-
sue and another prescribed for the prosecution. Sec-
tion 1704, L. O. L., declares that the court may dismiss
an indictment on its own motion. Beyond question
thus far the court may or may not dismiss the indict-
ment as it chooses. The motion of the district attor-
ney noted in the same section is but an application to
the court for what the tribunal may do itself. The
result and the authority for the same are alike in both
instances, and each is referable to the court's discre-
tion. The following section declares that the district
attorney cannot discontinue or abandon a prosecution
for a crime, except as provided in Section 1704. To
hold either that the request of the prosecuting officer
to dismiss should be allowed without question or that
its refusal is an abuse of discretion would be virtually
to annul Section 1705, L. O. L., for the reason that in
effect it would restore the *nolle prosequi* which is ex-

pressly abolished by the statute. This would amount to stultification of the legislative department, and cannot be admitted.

1, 2. With but one exception, *Ex parte Chase,* 43 Ala. 303, the cases cited in the petition for rehearing on the abuse of discretion relate to administrative functions or cases where the writ of *mandamus* will issue to compel action without directing what action should be taken. The rule on such subjects is well stated in *State ex rel.* v. *Lafayette County Court,* 41 Mo. 222:

"The writ of *mandamus* lies either to compel the performance of ministerial acts, or is addressed to subordinate judicial tribunals, requiring them to proceed to exercise their judicial functions, and give judgments in cases before them. *Mandamus* will not lie to compel an inferior tribunal to give a particular judgment, or to reverse its decision where it has once acted; its peculiar scope and province being to prevent a failure of justice from delay or refusal to act. Where the subordinate tribunal acts judicially, it may be compelled to proceed, but it will be left to decide and act according to its best judgment. In such cases the party aggrieved by the decision has his remedy either by appeal or writ of error, and *mandamus* never issues except where the petitioner has a specific right and no other specific remedy."

This is one of the precedents cited by the petitioner and was an instance where *mandamus* was issued to compel the County Court to approve the bond of the sheriff as collector of taxes. It was held that such a duty was ministerial and not judicial, and hence *mandamus* issued to compel the proper action: *Ex parte Chase,* 43 Ala. 303, is the strongest precedent cited by the petitioner, and the only one in which there was an attempt to interfere with judicial discretion. There the petitioner had been indicted for the murder of a negro, and, supported by affidavits, he applied to

the trial court for a change of venue. His motion be-
ing overruled, the Supreme Court entertained a peti-
tion for a writ of *mandamus* and issued the alternative
writ, holding that on the showing made it was the im-
perative duty of the trial court to change the place of
trial, but allowed the rule *nisi* to enable the prosecu-
tion to controvert the affidavits supporting the motion.
This decision was subsequently followed in principle
in appeals in that state; but it was expressly dis-
credited and practically overruled in *Kelly* v. *State*,
52 Ala. 361.

Section 613, L. O. L., codifies the rule that *mandamus*
will not be used to interfere with judicial discretion,
and, besides, furnishes yet another reason why the writ
should not be allowed in this instance. It reads thus:

"It may be issued to any inferior court, corporation,
board, officer, or person, to compel the performance of
an act which the law specially enjoins, as a duty re-
sulting from an office, trust, or station; but though the
writ may require such court, corporation, board, officer,
or person to exercise its or his judgment, or proceed to
the discharge of any of its or his functions, it shall not
control judicial discretion. The writ shall not be is-
sued in any case where there is a plain, speedy and
adequate remedy in the ordinary course of the law."

The end to be attained by the defendant, petitioner
here, is the dismissal of the indictment. He cannot
operate under Section 1704, for that establishes the
procedure to be observed by the prosecuting officer
only. It is said in Section 1701, L. O. L.:

"If a defendant indicted for a crime, whose trial has
not been postponed upon his application or by his con-
sent, be not brought to trial at the next term of the
court in which the indictment is triable, after it is
found, the court must order the indictment to be dis-
missed, unless good cause to the contrary be shown."

From a refusal of the court to dismiss the indictment under this section, an appeal is granted by the terms of Section 1606, L. O. L., as amended by Act of February 10, 1915 (Laws 1915, p. 70). As stated in the former opinion the petitioner was twice brought to trial, but in each instance the result was a mistrial. The indictment was therefore triable at any subsequent term. In order to subserve the right of the accused to a public trial by impartial jury awarded him by Article I, Section 11, of the state Constitution, it was the duty of the prosecution to bring the cause to trial to the end that the issue might be determined. If this was not done, the defendant could move for a dismissal under Section 1701, L. O. L., and unless good cause were shown why the order should not be made, it was the duty of the court to dismiss the indictment, as held in *State* v. *Rosenberg,* 71 Or. 389 (142 Pac. 624). The whole question is treated in the case of *In re Von Klein,* 67 Or. 298 (135 Pac. 870). Having a plain remedy according to the regular course of the law by his own application to the court for a dismissal of the indictment, coupled with a cumulative remedy by appeal to this court from an adverse decision, the writ of *mandamus* cannot be entertained to compel the Circuit Court to grant the request of the district attorney.

The petition for rehearing is denied.

WRIT DISMISSED.   REHEARING DENIED.