Argued February 5; affirmed March 16, 1948

# OLDS *v.* KIRKPATRICK ET AL.

191 P. (2d) 641

*Ben Anderson,* of Portland, argued the cause for appellant. On the brief were Lord, Anderson & Franklin, of Portland.

*John K. Crowe,* Assistant Attorney General, of Portland, argued the cause for respondents. On the brief were George Neuner, Attorney General, of Salem, and Wilber Henderson, of Portland.

Before ROSSMAN, Chief Justice, and BELT, BAILEY, BRAND and HAY, Justices.

**HAY, J.**

Lester E. Olds petitioned in the circuit court for a writ of mandamus to compel the defendants, who comprise the Oregon Liquor Control Commission, to issue to him a retail beer license for premises described as No. 6416 N. E. Killingsworth Avenue in Multnomah County. An alternative writ issued, the allegations of which, briefly stated, are as follows: Petitioner is the owner of the premises. A building was constructed thereon in 1938 for tavern purposes, and until 1944 was operated by petitioner as a tavern and restaurant with a Class B retail beer license. In 1944, petitioner leased the building to another person. It is now vacant. Petitioner has attempted to lease it for tavern and restaurant purposes, but defendants have refused to issue a retail beer license therefor to any tenant. In October, 1946, petitioner made application to defendants for a beer license for said premises, which application had been approved by the Board of County Commissioners of Multnomah County. Defendants, on November 21, 1946, "without assessing [sic] any cause further than to say that the license is not demanded for public convenience or necessity", refused the application. On petitioner's request, defendants granted a rehearing upon his application, at which petitioner introduced evidence of his own good character and of his previous experience in the successful operation of licensed premises. No testimony was offered by or on behalf of defendants, "but certain * * * informers * * * who were in the employ of defendants were present * * * and passed up notes to defendants present to read; [which notes] * * * were not offered to be shown to petitioner or his at-

torney, and petitioner and his attorney were not accorded the privilege of seeing or finding out what was written on said notes''. On December 16, 1946, petitioner's application was again denied. Subsequently, defendants granted a license to another person for premises within a thousand feet of petitioner's premises, and petitioner thereupon made a further application for license, but defendants, ''without a hearing or assigning a valid reason, or there being any reason therefor'', denied such application. Defendants' refusal to grant such license was arbitrary, capricious and not in the exercise of any legal discretion.

Defendants demurred to the alternative writ, on the ground that it did not state facts sufficient to show a cause of action against them. The demurrer was sustained. Petitioner refused to plead further, and the court thereupon entered formal judgment denying his application for a peremptory writ. He appeals from such judgment.

Two errors are assigned: (1) that the court erred in sustaining the demurrer to the alternative writ; and (2) that the court erred in not remanding the proceedings to defendants to make findings of fact disclosing their grounds for refusal of petitioner's application for license.

■ The Oregon Liquor Control Commission has been vested by the legislature with discretionary power to grant or to refuse an application for a license to sell beer at retail. Unless the Commission's action in granting or in refusing a license is clearly an abuse of discretion, the courts will not review it. *Casciato v. Oregon Liquor Control Comm.,* Or. 185 P. (2d) 246, 250. Refusal by the Commission to issue a license, without having made due inquiry into the relevant facts and without stating its reasons for such refusal,

would be arbitrary and not the exercise of legal discretion. Under such circumstances, an applicant, upon a proper showing, might be entitled to invoke the extraordinary remedy of mandamus. *The United States, ex rel. Roop v. Douglass,* 19 D. C. 99, 109, 110; 30 Am. Jur., Intoxicating Liquors, section 121. On the other hand, where a licensing board does assign a valid reason for refusing to grant a license, the courts, in the absence of a showing that the action of the board was an abuse of its clear legal duty in the premises, will not assume that the reason assigned by the board was lacking in substance. *McCarten v. Sanderson,* 111 Mont. 407, 109 P. (2d) 1108, 132 A. L. R. 1229; Anno., 132 A. L. R., at 1240. While mandamus will lie to compel inferior tribunals, public officers, or administrative bodies to perform duties or functions imposed upon them by law, it will not undertake to control judicial discretion as to the manner in which such duties or functions should be performed. Section 11-302, O. C. L. A.; *Croasman v. Kincaid,* 31 Or. 445, 49 P. 764; *State ex rel. v. Siemens,* 68 Or. 1, 8, 133 P. 1173; *In re Clark,* 79 Or. 325, 331, 154 P. 748, 155 P. 187; *State ex rel. Coast Holding Co. v. Ekwall,* 144 Or. 672, 676, 26 P. (2d) 52; *Riesland v. Bailey,* 146 Or. 574, 577, 31 P. (2d) 183, 92 A. L. R. 1207; *The United States, ex rel. Roop v. Douglass,* supra.

██ The Commission may refuse to issue a license if it has reasonable ground to believe that the granting of a license in the locality of the applicant's premises is not demanded by public interest or convenience. Section 24-120 (1), O. C. L. A. The law does not require the Commission to conduct a formal hearing upon an application for an original license. In the present case, according to the allegations of the alternative writ, the Commission, after having once refused peti-

tioner's application, granted him a hearing (his counsel, erroneously, call it a rehearing), and thereafter again refused. There is nothing in the writ to indicate that the Commission's refusal of petitioner's original application was arbitrary, save for the argument that the Commission subsequently issued a license to another person for premises within a thousand feet of petitioner's premises. Of course, the status of such other premises as to suitability for licensing may have been entirely different from that of petitioner's premises, and, there being no showing to the contrary, we must assume that the other license was properly issued. Petitioner's second application, filed immediately after the rejection of the first, made no showing of any change in conditions which might have persuaded the Commission, upon further investigation, to change its views, and to hold that the granting of a license was demanded by public interest or convenience. Under the circumstances, it was proper for the Commission to deny the second application *pro forma.* 30 Am. Jur., Intoxicating Liquors, section 119; *Darby v. Pence,* 17 Idaho 697, 107 P. 484, 27 L. R. A. (N.S.) 1194, 1203.

 In Oregon, the alternative writ is regarded as being the complaint. *Seufert v. Stadelman,* 178 Or. 646, 652, 167 P. (2d) 936. It must contain the petitioner's statement of his cause of action, and such statement must be legally sufficient, so that the mandatory portion of the writ follows as a conclusion of law from the facts alleged. 35 Am. Jur., Mandamus, sections 349, 351; *State ex rel. v. Williams,* 45 Or. 314, 334, 77 P. 965, 67 L. R. A. 167. In the case at bar, it should have alleged facts alleged. 35 Am. Jur., Mandamus, sections 349, 351; have the license issued to him. *Paine v. Wells,* 89 Or. 695, 699, 175 P. 430; *Lyons v. Gram,* 122 Or. 684, 690, 260 P. 220; *Crawley v. Munson,* 131 Or. 428, 435, 283

P. 29; *Morris, Mather & Co. v. Port of Astoria,* 141 Or. 251, 268, 15 P. (2d) 385. It did not do so. On the contrary, it disclosed that the Commission found that the issuance of the license was not demanded by public interest or convenience. Hence, no duty rested upon the Commission to issue one.

▇▇▇▇▇ In the exercise of its discretion in passing upon an original application for a liquor license, the Commission is not, by the terms of the statute, limited in the scope of its inquiry. Necessarily, both as to the character of the applicant and the suitability of the premises, it must rely to a considerable extent upon the reports of its own investigators. In granting or refusing liquor licenses, the Commission is concerned primarily in ascertaining and promoting the public interest. Its inquiries and investigations in that connection are more in the nature of administrative police functions, rather than inquiries into disputed private rights. 49 C. J., Police, section 1; *State, ex rel. Shaw v. Frazier,* 39 N. D. 430, 450, 167 N. W. 510; *The United States, ex rel. Roop v. Douglass,* supra. No doubt the Commission might properly refuse to permit petitioner to inspect the reports of its investigators. In any event, the alternative writ does not allege that permission to inspect such reports was either requested or refused.

▇▇▇ As for the lack of a formal statement of the Commission's special findings on petitioner's application, we think, if such statement was necessary, that the Commission's general finding, to the effect that issuance of a license was not demanded by public interest or convenience, was sufficient to inform petitioner of the reason for the rejection of his application.

The demurrer to the alternative writ was properly sustained. The judgment appealed from is affirmed.