[No. 15982.  In Bank.—January 26, 1895.]

## F. E. JOHNSTON, ADMINISTRATOR, ETC., PETITIONER, *v.* SUPERIOR COURT OF NAPA COUNTY, RESPONDENT.

ESTATES OF DECEASED PERSONS—PUBLICATION OF NOTICE TO CREDITORS—ADDITIONAL NOTICE—NEW NOTICE.—The judge, when ordering publication of notice to the creditors of deceased person, may direct additional notice to be given, and may do so afterwards within the period allowed for the presentation of claims; and if, when proof of publication is made, the judge determines that the publication has not given notice to the creditors, he may direct a new notice to be given, as though there had been no attempt to publish the notice, and, in such case, the time for the presentation of claims would begin to run only from the giving of the new notice.

ID.—ORDERING ADDITIONAL NOTICE AFTER EXPIRATION OF TIME—MANDAMUS.—Where the court recognizes a publication already made as giving notice, though, in the opinion of the judge, not the best notice, he cannot, after the expiration of the time allowed for the presentation of claims after publication of the notice, extend the time for the presentation of claims by ordering additional notice, and, in such case, he will be compelled by writ of mandate to sign an order decreeing that the notice to creditors had been given.

WRIT of mandate from the Supreme Court to the Superior Court of Napa County.

The facts are stated in the opinion of the court.

*Stanly, Hayes, McEnerney & Bradley,* for Petitioner.

*T. B. Hutchinson,* for Respondent.

TEMPLE, J.—This is an application for a writ of mandate to compel the superior court of Napa county to make a decree showing that due notice to creditors has been given in the above estate.

The order for the publication of the notice was made June 11, 1894, and directed its publication once a week for four weeks. The paper in which it was to be published was not designated.

The publication was made as directed in the *Napa Daily Journal,* the first publication being on July 12, 1894.

The value of the estate was less than ten thousand dollars, and, accordingly, creditors were required in the notice to present their claims within four months after the first publication.

December 3, 1894, due proof of publication was filed in the probate court of Napa county and presented to the court, which was asked to decree that due publication of the notice to creditors had been made.

The court refused to make the order, not, however, objecting that the proof was insufficient, but because the judge thought the publication in the newspaper selected did not give sufficient notice.

In his answer to the petition herein the respondent makes the following statement as to his action in the matter:

" That upon such showing the court was not satisfied that due notice had been given to the creditors of said James Riley, deceased, and therefore announced that it believed it was its duty to cause additional notice to be given to the creditors of said deceased, especially any creditor who might live or reside in Pope valley; that said administrator was then and there questioned by the court concerning the place of residence of said deceased prior to and at the time of his death, and where he did business, and where his creditors would likely be; and the court, from said examination, was of the opinion that the creditors of said deceased, if any, would be residents of Pope valley and St. Helena. The court further believed, and so stated to said administrator, that, in the opinion of the court, said notice thus published in the *Napa Daily Journal* was a notice in form only, and did not give due notice to the creditors of said deceased; and the court believed that it was its duty to require additional notice to be given in the case, especially to any creditor who might live in Pope valley.

" The court then and there in open court made an order in said case that said administrator give four weeks additional notice to the creditors of said estate,

by posting a copy of the notice published in said *Napa Daily Journal* for four weeks in two public places in Pope valley (naming the places), and directed the administrator to prepare the order; that it is the usual practice in the said superior court, under and in accordance with the rules of said court in all probate matters, for an attorney representing the estate to prepare all formal orders in probate for the court, and the court on that occasion believed that the administrator herein would do so; petitioner herein acting as his own attorney in said estate.

" That said order gave the creditors but four weeks additional time in which to present their claims from the date of posting said notice, and said administrator was informed by the court that at the expiration of such time the court would sign an order declaring that due notice to creditors in said estate had been given."

A demurrer was interposed to the petition, but we understand that it is not insisted upon or is submitted to be decided after a consideration of the whole case. The petitioner, on the other hand, does not desire to introduce any evidence, but the case is submitted on the facts stated in the answer.

Section 1490 of the Code of Civil Procedure requires the notice to be published in " some newspaper of the county, . . . . as often as the judge or court shall direct, but not less than once a week for four weeks"; and provides that " the court or judge may also direct additional notice by publication or posting."

The notice must require all persons having claims against the estate to present them to the executor or administrator.

Section 1491 provides that the time expressed in the notice for the presentation of claims must be ten months after its first publication when the estate exceeds in value ten thousand dollars, and four months when it does not.

Under these provisions we think the judge, when he made the order for the publication of notice, might

have also directed additional notice, and that he could have done so afterwards within the period allowed for the presentation of claims.

So, too, when proof was made, the judge could have determined that the publication did not give notice to the creditors. Had he so determined, his action could not have been reviewed in a proceeding of this character. Upon so determining it would have been his duty to direct notice to be given as though there had been no previous attempt to do so, and the time for the presentation of claims would begin to run only from the giving of the new notice.

But recognizing the publication already made as notice, though, in the opinion of the judge, not the best notice, he could not extend the time for the presentation of claims by then ordering additional notice.

This is precisely what the respondent attempted to do. For he says that at the expiration of the four weeks he would have signed the order, and that when he refused to sign the order presented to him he so informed the petitioner.

The demurrer is overruled, and it is ordered that a peremptory writ issue as prayed for.

McFARLAND, J., GAROUTTE, J., VAN FLEET, J., HARRISON, J., BEATTY, C. J., and HENSHAW, J., concurred.