111 541
J114 479

[S. F. No. 423. In Bank.—March 12, 1896.]

MARY A. HENSLEY, PETITIONER, v. SUPERIOR COURT OF SACRAMENTO COUNTY, RESPONDENT.

ESTATES OF DECEASED PERSONS—ORDER FOR NOTICE TO CREDITORS—TIME OF PUBLICATION.—Under section 1490 of the Code of Civil Procedure, the order for the publication of notice to creditors need specify the time of publication only in those instances where the court in its discretion, by reason of the circumstances, deems it proper to require a more extended publication than the minimum required by the statute; and in all other instances the order may be silent on the subject, and when it is so, a publication of proper notice not less than the minimum number of times required by the statute constitutes legal notice to the creditors.

ID.—ADJUDICATION OF NOTICE TO CREDITORS—MANDAMUS.—Where legal notice to creditors has been given, and due proof thereof is made, the court has no discretion to refuse an order or decree showing that due notice to creditors has been given; and upon its refusal to allow such relief, *mandamus* will lie to compel it.

MANDAMUS from the Supreme Court to the Superior Court of Sacramento County. MATT. F. JOHNSON, Judge.

The facts are stated in the opinion of the court.

*Stearns & Elliot,* for Petitioner.

*Mandamus* is the proper remedy. (*Wood* v. *Strother,* 76 Cal. 545; 9 Am. St. Rep. 249; *Johnston* v. *Superior Court,* 105 Cal. 668.) Where rights of property have been acquired in reliance upon a practical construction of a statute, that construction ought to be upheld if possible. (*In re Warfield,* 22 Cal. 51, 71; 83 Am. Dec. 49; *Stuart* v. *Laird,* 1 Cranch, 95; *Rogers* v. *Goodwin,* 2 Mass. 475; *Plummer* v. *Plummer,* 37 Miss. 185; *M'Keen* v. *De Lancy,* 5 Cranch, 22; *Opinion of Justices,* 3 Pick. 517; *State* v. *Severance,* 49 Mo. 401; Endlich on Interpretation of Statutes, secs. 357–60.)

*Albert M. Johnson,* and *Hiram W. Johnson,* for Respondents.

The order was fatally defective, and no notice could, therefore, be given. (*Wise* v. *Williams,* 88 Cal. 30;

Code Civ. Proc., sec. 1490.) *Mandamus* will not lie to control a judicial act, or one the exercise of which is discretionary. (High on Extraordinary Legal Remedies, 3d ed., secs. 9, 24, 152, 154–56, 171, 257, 273; *Ex parte Morgan*, 114 U. S. 174; *Jacobs* v. *Board of Supervisors*, 100 Cal. 128; *Strong* v. *Grant*, 99 Cal. 100; *People* v. *Pratt*, 28 Cal 166; 87 Am. Dec. 110; *Beguhl* v. *Swan*, 39 Cal. 411; *Donohue* v. *Superior Court*, 93 Cal. 252; *Whaley* v. *King*, 92 Cal. 431; *Scott* v. *Superior Court*, 75 Cal. 114; *People* v. *Sexton*, 37 Cal. 532; *Cariaga* v. *Dryden*, 29 Cal. 307; *Lewis* v. *Barclay*, 35 Cal. 213; *Ex parte Cage*, 45 Cal. 249.)

THE COURT.—The superior court refused to make or enter an order or decree of due notice to creditors in the estate of one Calvin P. Hensley, deceased, pending therein, notwithstanding it appeared that an order had been theretofore made therein directing "that notice to the creditors be given in the *Daily Record Union*," and that under said order a notice, proper in form, had been duly published in the designated paper once a week for a period of four successive weeks.

Petitioner, the executrix of said estate, seeks mandate here to compel the making and entry of such decree.

It appears that the judge of the superior court refused' to make the order, for the reason that he construed section 1490 of the Code of Civil Procedure to require that in all instances the order for notice to creditors must specify the number of times the notice shall be published; and that as the order, the substantive part of which is above set out, did not so specify, it was held void, and the notice given under it, for that reason, of no effect.

We regard this view of the statute as erroneous. While not wholly free from ambiguity, we think it sufficiently clear that the meaning of section 1490 is, that only in those instances where the court, in its discretion, by reason of the circumstances, deems it proper to require a more extended publication than the minimum

required by the statute, is it necessary to specify the time of publication in the order. In all other instances the order may be silent in that respect, and when it is so, a publication of proper notice thereunder, as in this instance, not less than the minimum number of times required by the section, is a compliance with the law, and constitutes legal notice to the creditors.

What is said in *Wise* v. *Williams,* 88 Cal. 30, suggesting a different construction of the section was not pertinent to the question then before the court, and is, therefore, *obiter;* the fact in that case being that the notice was published without *any* order having been made, and no question as to the requirements of such an order arose.

The construction here given accords with the practical construction very generally given the act by the bench and bar alike throughout the state for a great many years; and, even if its correctness were less obvious, should manifestly, on considerations of public policy, be adhered to, in order to avoid the disturbance in titles to real estate passing through the probate court during such period, which would otherwise follow.

We think, therefore, that the order of publication in this instance was sufficient, and that upon the showing made it was the duty of respondent to make the order applied for.

Nor is there any doubt that *mandamus* will lie in such a case. Section 1492 of the Code of Civil Procedure provides that when notice to creditors has been given as provided in the previous sections, and due proof thereof is made, " an order or decree showing that due notice to creditors has been given, and directing that such order or decree be entered in the minutes and recorded, *must be made by the court.*"

Where, as here, the law affixes a right to specific relief from certain facts, and there is no question made as to the existence of such facts, the court has no discretion to refuse the relief. In such a case the limit of the discretionary power of the court has been reached,

and nothing but a clear duty remains; and if the relief is refused, and there is, as in this instance, no appeal or other plain, speedy, and adequate remedy, *mandamus* will lie to compel it. (*Wood* v. *Strother*, 76 Cal. 545; 9 Am. St. Rep. 249; *Keller* v. *Hewitt*, 109 Cal. 146; *Johnston* v. *Superior Court*, 105 Cal. 666.)

Let a peremptory writ issue as prayed.