ESTATE OF JUSTIN LABARTHE, DECEASED.

[No. 1178 (N. S.); No. 33,522 (Old Number).]

**Notice to Creditors—Decree Establishing—When Made.**—An executrix, having caused notice to creditors to be duly published, is entitled to a decree establishing that due notice to creditors has been given, although the attorney for the estate, at whose office claims were by the notice required to be presented has removed his office, during the period designated in the notice, within which claims might be presented.

**Notice to Creditors—Power to Give Further Notice.**—Notwithstanding the removal of the executrix's place for transacting the business of the estate, the court has no power to direct the giving of a further notice.

**Notice to Creditors—Change in Place of Presenting Claims—Rights of Creditors.**—The decree establishing due notice to creditors should not be refused under these circumstances because of the bare possibility that there may exist some creditor who, by reason of the removal, has been unable to properly present his claim. Having been put on inquiry by the notice which was duly published, he is obliged to take such further steps as may be reasonable to ascertain the present place of business of the estate.

P. A. Bergerot, for Madeleine Labarthe, Executrix.

COFFEY, J. This is an application by Madeleine Labarthe, as executrix of the last will of Justin Labarthe, for a decree of this court establishing that due notice of the creditors of said decedent has been given.

It appears that on January 17, 1906, pursuant to the order of this court and to section 1490 of the Code of Civil Procedure, the executrix caused a notice to creditors in due form

to be published and that the publication has been duly made for the requisite number of times. An affidavit has been produced showing that the publication has in all respects been duly and regularly made. From the copy of the printed notice it appears that claims were required to be presented within ten months from said date at the office of Mr. Bergerot, attorney for the executrix, 306 Pine street, this city. The fire of April 18th entirely destroyed the building in which Mr. Bergerot's office was located, and since said date his office and the place for the transaction of the estate's business has been at No. 1019 Franklin street in this city. The question now arises, whether, after the expiration of the ten months prescribed by the notice, a decree of due publication of notice to creditors can be entered, or whether notice to the creditors must be given anew.

An examination of the authorities, as complete, perhaps, as is possible with the present library facilities, does not show any case directly in point upon this question. Some of the authorities, however, while not bearing directly upon the question, are very persuasive and indicate that under these circumstances the application for the decree should be granted.

Section 1492, Code of Civil Procedure, provides that after the notice is given (i. e., when the posting or publication, as the case may be, has been completed), and the affidavit of posting or of publication is filed, an order or decree "must be made" by the court, "upon" such affidavit, that legal notice has been given. This, it seems clear, indicates that the decree can be obtained as soon as the notice has been given, irrespective of what may subsequently occur during the period prescribed in the notice. I am not, of course, unmindful of the fact that the practice has been to wait until the four or ten months have elapsed, but this has probably been done as a matter of prudence and not because it was considered essential, and perhaps a decisive ruling upon this point has not heretofore been of much importance. But I think that these views are borne out by what is said in Hensley v. Superior Court, 111 Cal. 541–543, 44 Pac. 232, on the general question:

"A publication of proper notice thereunder, as in this instance, not less than the mimimum number of times required by the section, is a compliance with the law and constitutes legal notice to the creditors."

In MacGowan v. Jones, 142 Cal. 593, 594, 76 Pac. 503, in treating of this matter, it is said: "The preceding being in rem, and the statutory requirements of the notice having been fully complied with, it is binding upon all the world, excepting those who are entitled to relief under section 1493."

A case perhaps somewhat suggestive on this point is Roddan v. Doane, 92 Cal. 555, 28 Pac. 604, where it is held that the leaving of a claim at the attorney's office in the absence of the administratrix, to whom, by the notice, claims were required to be presented, was a sufficient presentation of the claim. The same doctrine is laid down in 8 American and English Encyclopedia of Law, second edition, page 1080, where it is said: "The statute of nonclaim, after it has once started to run, as a general rule, continues to do so, unless provision is made for its interruption by the statute, and the running of the statute has been held not to be interrupted either by the removal or the absence of the executor or administrator from the state."

To the same point, also, is the case of Douglass v. Folsom, 21 Nev. 441, 33 Pac. 660.

From these last authorities, it may be inferred that the absence of the administrator, however caused, could not operate to defeat the creditor's right.

Nor is it clear whether, in the present instance, an additional notice could well be directed to be given, in view of the holding in Johnston v. Superior Court, 105 Cal. 666, 39 Pac. 36, that after the period designated in the notice has expired, the court is without jurisdiction to extend the time so limited by ordering an additional notice to be given.

That the change of the administrator's residence or place of business, during the period designated in the notice, should not be deemed to require the giving of a new notice is also suggested because of the fact that section 1490 requires that in case of the removal or resignation of the executor before the time expressed in the notice, his successor need give

notice only for the unexpired time allowed for presentation. As this is the only instance in which the statute contemplates the giving of a further notice, the rule of inclusio unius seems to be applicable.

The main argument in support of a contention that a new notice to creditors should be given would probably be rested upon the ground that a creditor might otherwise lose the opportunity of presenting his claim, should the place for presentation of claims be changed without legal notice of such change being given to him, but to this there would appear to be several replies.

Thus, such a change might well hold to excuse delay in presentation, the delay being caused in attempting to ascertain the administrator's whereabouts, or else, as suggested by some of the authorities already cited, the claim might be left at the designated place irrespective of the administrator's absence, and such presentation would be a sufficient one and would entitle the claimant to file suit in the event that his claim was not acted upon within the ten days. But a stronger reason, in my opinion, is that the claimant, having had notice of the death of the decedent, and of the place where, and of the person to whom, presentation of his claim should be made, would reasonably be put on notice and would be required to use reasonable diligence in ascertaining the present address of the administrator, in the event of his no longer being at the place designated in the notice. It should not be held, unless cogent reason therefor exists, that the administrator, after giving the notice, is without power to change his place of business from that designated in the notice, for the period of four or ten months, as the case may be. It better accords with the policy of the law, which looks throughout to the prompt administration of decedents' estates, that creditors, having once been duly notified, should take such further steps as would be reasonable, rather than that the administration of estates should be delayed and a new notice required to be given. This will be particularly true in this city for perhaps some years to come, as the disturbed condition of affairs will probably entail numerous successive changes of addresses before attorneys and their clients finally select their perma-

nent place of business.   That a person interested in the estate
may sometimes be put upon such inquiry, is indicated in the
case of Tynan v. Kerns, 119 Cal. 447–451, 51 Pac. 693, where
it is said:

"Constructive notice is such notice as is imputed by law
(Civ. Code, sec. 18), as to the effect of which the court can
judge, notwithstanding such notice is denied.   We think that
the actual notice which appellant had of the death of
decedent, and the issuing of letters to respondent, administra-
trix, and the inventory, carried with it notice of circumstances
sufficient to put appellant upon inquiry of the particular fact
of which she complains, and she thus had 'constructive notice
of the fact itself in all cases in which, by prosecuting such
inquiry, she might have learned such fact': Civ. Code, sec.
19.''

For the foregoing reasons, submitted by counsel for the
executrix of the will of Justin Labarthe, it is ordered that
she have a decree entered establishing that due notice has been
given by her to the creditors of her testator's estate.