[Sac. No. 766.   In Bank.—December 12, 1899.]

## LILLIAN MAY BROUSE, Executrix, etc., Petitioner, v. J. K. LAW, Judge of the Superior Court of Merced County, Respondent.

ESTATES OF DECEASED PERSONS—NOTICE TO CREDITORS—POWER OF JUDGE TO DESIGNATE NEWSPAPER—FUNCTION OF ADMINISTRATOR.—In an order for the publication of notice to the creditors of a deceased person, the superior court has no power to designate any newspaper published in the county, but his power of designation of a newspaper is limited to the case where no newspaper is published in the county.  The publication of the notice in some newspaper published in the county, or of any additional notice ordered published therein, is a function to be performed by the executor or administrator.

ID.—POWER TO ADJUDGE QUESTION OF DUE PUBLICATION.—The power of the court to examine the character of the notice that has been published, and to adjudge whether or not due publication has been made, and to refuse to adjudge due publication if it was not sufficient, does not involve the power to designate in the original order the newspaper in which the notice is to be published.

WRIT of review from the Supreme Court to annul an order of the Superior Court of Merced County, in so far as designating a newspaper for the publication of notice to the creditors of a deceased person.   J. K. Law, Judge.

The facts are stated in the opinion of the court.

James F. Peck, for Petitioner.

T. C. Law, for Respondent.

HARRISON, J.—After the superior court of Merced county had admitted to probate the last will and testament of Augus-

tine Smith, deceased, and had issued letters testamentary thereon to the petitioner, it made the following order:

"It is ordered that notice to the creditors of Augustine Smith, deceased, requiring all persons having claims against said deceased to exhibit them with the necessary vouchers to Lillian M. Brouse, executrix of the last will and testament of Augustine Smith, deceased, at her residence or place of business, to be specified in said notice, be given by said executrix by publication in 'The Merced Express,' a newspaper printed and published in Merced county, state of California, once a week for four successive weeks.

"Done in open court this 9th day of November, 1899.

"J. K. LAW,

"Judge of the Superior Court of Merced County, State of California."

The executrix has petitioned this court for a writ of review of said order upon the ground that the superior court had no jurisdiction to designate the newspaper in which she should publish the notice to the creditors of the deceased, and upon her petition the writ was issued and return made showing that the above order was made.

Section 1490 of the Code of Civil Procedure declares as follows: "Every executor or administrator must, immediately after his appointment, cause to be published in some newspaper of the county, if there be one—if not, then in such newspaper as may be designated by the court—a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the notice; such notice must be published as often as the judge or court shall direct, but not less than once a week for four weeks; the court or judge may also direct additional notice by publication or posting."

The publication of this notice is a function which the statute declares shall be performed by the executor and administrator, and, like any other duty imposed upon that officer, unless some restriction is placed upon him, the manner and mode of its performance is in the first instance to be determined by him. The provision that if there is no newspaper published in the

county the court is to designate the newspaper in which the notice is to be published implies that the power of the court to designate the newspaper exists only in the case specified.

The court does not derive any authority to designate the newspaper from the provision in the section authorizing it to direct additional notice to be given. This "additional notice" may be directed at the same time that the original order is made. (*Johnston v. Superior Court*, 105 Cal. 666.) But the order for such additional notice is distinct from the order directing the executor to cause a notice to be published. The use of the word "also" shows that the direction here authorized is for some notice to be superadded to that directed by the original order, since under the phrase, "not less than once a week for four weeks," the court could in its original order direct that the notice be published with greater frequency or for a longer period.

Upon the application of the executor for a decree declaring that due notice to creditors has been given, the court will examine the character of the publication that has been made, and, if it shall then determine that its character and form have been such as not to give sufficient notice for the presentation of claims against the estate, it will refuse to make such decree. (*Johnston v. Superior Court, supra.*) This power does not, however, confer upon it the power to designate in its original order the newspaper in which the notice shall be published.

The order of the superior court is therefore modified by annulling and striking therefrom the words "by publication in 'The Merced Express,' a newspaper printed and published in Merced county, state of California."

Garoutte, J., McFarland, J., Henshaw, J., Temple, J., and Van Dyke, J., concurred.

BEATTY, C. J., dissenting.—I dissent. Nothing is involved in this proceeding except the mere question of power to designate the newspaper in which notice to creditors is to be published. It is clear that the statute makes the judge of the probate court, and not the administrator or executor, the final judge as to what is sufficient notice, and I see no reason to hold that what the judge may order after notice by the administrator or executor may not be ordered in advance. Such a construc-

tion of the statute would conduce to expedition and economy and subserve the policy of the law.

Rehearing denied.