[Civ. No. 795. First Appellate District.—March 17, 1910.]

CALIFORNIA PINE BOX AND LUMBER COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and E. P. MOGAN, Judge of Department Seven Thereof, Respondents.

GENERAL APPEARANCE OF FOREIGN CORPORATION DEFENDANT—PROCURING STIPULATION AND ORDER EXTENDING TIME TO ANSWER.—A foreign corporation defendant to an action makes a general appearance by written request by its attorney for a stipulation from plaintiff's attorneys extending time to answer, which was granted, and by procuring through such attorney an order of court, upon affidavit, extending time in which to answer, there being nothing in the request, stipulation, affidavit, or order to indicate that the appearance was intended to be special.

ID.—EFFECT OF GENERAL APPEARANCE.—A general appearance by a defendant waives all question as to the service of process, and is equivalent to personal service.

ID.—DEFAULT OF DEFENDANT—DUTY OF COURT—ORDER QUASHING SERVICE OF SUMMONS.—The defendant having appeared and made default, it was the duty of the court to enter the default of the defendant, which duty cannot be excused on the ground that on motion of the defendant, the court ordered the service of the summons to be quashed, the service of summons having been waived by defendant.

ID.—MANDAMUS.—Where the facts are undisputed, and the law establishes the right of a party to an order, or to the relief which the court has refused, *mandamus* will lie; and where, as in this case, it is the duty of the court to enter the default of the defendant, which it has refused to do, owing to a misconception of the law, *mandamus* will lie to compel the court to discharge its duty by entering the default of the defendant.

13 Cal. App.—5

ID.—ABSENCE OF LEGAL REMEDY OF PETITIONER.—It cannot be said that the petitioner for the writ in this case has a plain, speedy and adequate remedy in the ordinary course of the law. There is no judgment or order from which an appeal will lie; and under the ruling of the court, petitioner cannot proceed, although the defendant has appeared and submitted itself to the jurisdiction of the court.

APPLICATION for writ of mandate to the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Joseph C. Meyerstein, for Petitioner.

W. T. Phipps, and Percy E. Towne, for Respondents.

COOPER, P. J.—This is an application for a writ of mandate to compel the superior court of the city and county of San Francisco and Honorable E. P. Mogan, one of the judges thereof, to make an order, directing the clerk of said court in the department presided over by such judge to enter the default of the defendant in an action pending in said court, entitled "California Pine Box & Lumber Co., a corporation, Plaintiff, vs. Des Moines Casket Company, a corporation, Defendant."

The facts of the case are substantially as follows: In October, 1909, the petitioner commenced an action in said court against said Des Moines Casket Company as defendant, to recover upon an alleged express contract for goods sold and delivered by the plaintiff therein to said defendant. The defendant was a foreign corporation, existing and doing business under the laws of the state of Iowa, and had no place of business in the state of California, and no agent upon whom summons could be served. A summons was duly issued and attempted to be served by personally delivering the same to one Antes, the president of said defendant, who was then temporarily in the state of California on business, but not engaged in any business in connection with the said corporation. After the summons had been left with said Antes, and on November 1, 1909, W. T. Phipps, an attorney at law, wrote to the plaintiff's attorneys in said action inclosing a

stipulation, and requesting that it be signed, which letter is as follows:

"In the two cases, one of the *California Pine Box & Lumber Company* v. *Des Moines Casket Company,* and the other *California Pine Box & Lumber Company* v. *Wichita Casket Company,* in which you are attorneys for plaintiff, I wish you to give me the inclosed stipulation extending time for answer. The president of these two companies has not yet got back from his recent trip to this coast, and I want a report from him before I can put in an answer. If this extension is granted I hope to avoid the necessity of putting in any demurrer, and I think time will be saved by granting it.                  Yours respectfully,

"W. T. PHIPPS."

In answer to this letter the attorneys for the plaintiff signed and inclosed a stipulation in said cause, which is as follows:  ·

"It is hereby stipulated that the time for answering in the above case shall be and is hereby extended to and including the 20th day of November, 1909. This stipulation shall be effective without being filed.

"J. C. MEYERSTEIN and
"J. V. B. FILIPPINI,
"Attorneys for Plaintiff."

Afterward, on the seventeenth day of November, 1909, said Phipps made an affidavit, in which he stated and set forth that he was attorney for the defendant in said action; that the summons was served upon the president of the defendant while he was temporarily traveling in the state of California; that said president had returned to the state of Iowa, and was the only person in position to furnish affiant "with the necessary data from which to prepare and file the answer in the above-entitled matter." The affidavit further stated, "That said president of said defendant has not as yet had sufficient time in which to furnish affiant with said data, and it is therefore necessary that affiant, for the benefit of said defendant, get an extension of time herein for answering or demurring to said complaint. That defendant's time for answering or demurring will, unless extended, expire on November 20, 1909. Wherefore affiant prays that said court make an order ex-

tending the time for answer or demurrer herein, to and including December 20th, 1909.''

Upon the above affidavit being so filed in said court by said attorney for the defendant, and at his request, the court and the said judge thereof made an order extending the time for said defendant to demur or answer to and including the twentieth day of December, 1909, and no other or further extension of time has been granted by stipulation or otherwise.

After the attorney for said defendant had so procured the stipulation as aforesaid, and filed the affidavit as hereinbefore stated, on which he procured the order of court giving him to and including December 20, 1909, in which to answer or demur, and on December 3, 1909, he made a motion in said court in said cause for an order setting aside the attempted service of summons therein, upon the ground that it had not been served upon any person upon whom service could be legally made under the laws of California. The said court thereafter, on the seventh day of December, 1909, made an order granting said motion and setting aside and quashing the said service of summons. The defendant in said action has filed no pleading or demurrer therein. Thereafter upon due notice petitioner, on the seventh day of January, 1910, made a motion for an order directing the clerk of the said court to enter the default of the said defendant, and the court thereupon made an order denying said motion, and refusing to order the clerk of said court to enter the default of said defendant, holding that it had no jurisdiction of defendant. Thereafter on the tenth day of February, 1910, the petitioner applied to the clerk of said court for entry of default against defendant, and the clerk, in view of the order so made by the court, refused to enter the same.

The first question for determination here is as to whether or not the defendant, by reason of the facts above set forth, appeared in the action.

The judge of the superior court concluded that the defendant had not appeared, and that the court had no jurisdiction of it, and no doubt based its order denying the motion for entry of default upon this ground. The question as to the service of the summons and the order setting aside the same may be eliminated, for the reason that if the facts ap-

pearing of record show an appearance as a matter of law, it was the duty of the court to order the entry of default.

It is elementary that a general appearance by a defendant waives all question as to the service of process, and is equivalent to personal service. An appearance is generally defined as the formal proceeding by which a defendant submits himself to the jurisdiction of the court. Our code provides (Code Civ. Proc., sec. 1014) that a "defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him." In this case the question is, Did Phipps give petitioner notice of appearance for the defendant?

In our opinion he did. When he wrote to plaintiff's attorneys and procured a stipulation giving more time to answer or demur he gave written notice of his appearance. He stated that he hoped to avoid the necessity of putting in a demurrer and that time would be saved by the stipulation. This was written information to the plaintiff's attorneys giving them notice that Phipps was the attorney for the defendant. Plaintiff's attorneys acted upon the notice when they signed and returned the desired stipulation. Defendant's attorney then made an affidavit, entitled in the court and cause, for the purpose of procuring the affirmative action of the court in giving it further time. This affidavit was filed, and the court made an order granting the further time. There was nothing in the letter, stipulation, affidavit, or order made by the court as to a special appearance. The court could not have granted the defendant an extension of time in which to plead unless the defendant was before the court. In our opinion the defendant appeared in said action, and comes within the reason and principle of the ruling in *Cooper* v. *Gordon*, 125 Cal. 296, [57 Pac. 1006], and *Roth* v. *Superior Court*, 147 Cal. 604, [82 Pac. 246].

The next question is as to whether or not the writ of mandate will lie to compel the court to make a particular order.

It is conceded that the writ will not lie to control the discretion of the court where the facts are such that the court may use its discretion. In many cases the discretion exercised by the trial court is conclusive, particularly where the evidence is conflicting; but the rule is now more liberally

extended in regard to the writ of mandate and its use to control judicial action and even judicial discretion when such discretion has been abused.

Where the facts are undisputed and the law establishes the right of a party to an order or to the relief which the court has refused, the writ will lie.

Now, in this case it is the law that when defendant's time for answering or demurring expired, plaintiff was entitled to have its default entered. It was the duty of the court under the law to order the entry of such default, and the denial of the order is a refusal to perform a duty.

In Wood on Mandamus, page 48, it is stated: "The rule is that a mandamus will issue to an inferior court to compel the performance of an official duty, to which a party is clearly entitled and which is refused to him, when no other effectual remedy exists, and to compel a judicial officer to perform an act which it is his imperative duty to perform, and with reference to the *manner* of the performance of which he has no reasonable discretion."

In *Temple* v. *Superior Court,* 70 Cal. 211, [11 Pac. 699], the petitioner sought a writ of mandate to compel the superior court to hear a contempt proceeding which it had refused to do, and the supreme court said: "Under such circumstances the court cannot, by holding without reason that it has no jurisdiction of the proceeding divest itself of jurisdiction, and avoid the duty of hearing and determining it."

In *Johnston* v. *Superior Court,* 105 Cal. 666, [39 Pac. 36], the superior court being satisfied that due notice to creditors had not been given, ordered additional notice to be given, and refused to make an order that due notice to creditors had been given. Upon application for a writ of mandate to compel the court to make its decree, showing that due notice had been given, the facts were reviewed, and a writ of mandate was issued, directing the court to make such decree.

In *Hensley* v. *Superior Court,* 111 Cal. 541, [44 Pac. 232], it appeared that the court had refused to make an order or decree of due notice to creditors upon the ground that the order of notice to creditors was not in conformity with the law. The supreme court held that it was, and directed the writ to issue, and in the opinion said: "Where, as here, the law affixes a right to specific relief from certain facts, and

there is no question made as to the existence of such facts, the court has no discretion to refuse the relief. In such a case the limit of the discretionary power of the court has been reached, and nothing but a clear duty remains; and if the relief is refused, and there is, as in this instance, no appeal or other plain, speedy and adequate remedy, mandamus will lie to compel it.''

For a very clear discussion of the law on this subject see the opinion of the supreme court in the late case of *Inglin* v. *Hoppin et al.*, 156 Cal. 483, [105 Pac. 582]. It was there said by Mr. Justice Henshaw in his usually clear style: ''While of course it is the general rule that mandamus will not lie to control the discretion of a court or officer, meaning by that that it will not lie to force the exercise of discretion in a particular manner, the above cases abundantly show that mandamus will lie to correct abuses of discretion, and will lie to force a particular action by the inferior tribunal or officer, when the law clearly establishes the petitioner's right to such action.''

It cannot be said that petitioner in this case has a plain, speedy and adequate remedy in the ordinary course of law. He cannot appeal, as there is no judgment or order from which an appeal will lie. Under the ruling of the superior court he cannot proceed, although the defendant has appeared and submitted itself to the jurisdiction of the court. The court, having jurisdiction, holds that it has not, and refuses further relief in the cause.

What we have said in this opinion is not to be understood as precluding the court from hearing an application by the defendant to be relieved of the default upon a proper showing.

Let the writ issue as prayed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1910.