Argued July 7, decided July 18, 1911.

## STATE ex rel. *v.* BRADSHAW.

[117 Pac. 284.]

MANDAMUS—DEMURRER TO RETURN—SCOPE OF INQUIRY.

1. Where an alternative writ of mandamus recited that judgment in condemnation proceedings instituted by petitioner was refused, and sought to compel entry of the same, and this was not denied by the return on demurrer to the return, the court could only determine its sufficiency, and not determine what kind of judgment ought to be directed by peremptory writ.

MANDAMUS—ENTRY OF JUDGMENT—RELIEF GRANTED.

2. Mandamus will lie to compel entry of final judgment when a cause is ripe for such a conclusion, but its terms will not be prescribed, the inferior court having exclusive power in the first instance to render some final judgment.

MANDAMUS—COMPELLING ENTRY OF JUDGMENT—SUFFICIENCY OF RETURN.

3. A railroad company seeking mandamus alleged that, it having instituted condemnation proceedings, a verdict was returned assessing damages for the taking of the land at a certain sum, and no judgment had been entered, and that the court, on demand, refused to enter judgment, and that petitioner desired to appeal from the judgment to be pronounced, a return that the · court was not authorized to enter the judgment asked for or any judgment of said court save and except the order which was entered (not showing what order was entered) and could not lawfully enter the judgment asked for because of the provisions of the constitution and laws of the State prohibiting said judgment because the money assessed as the damages, was never paid into court as required by law, was not a sufficient return, for while it may have shown that the court could not enter the judgment asked for, it did not show a justification of the refusal as alleged in the writ, as, so far as the record disclosed, the court could enter some final judgment.

Original proceeding in Supreme Court.

Statement by MR. JUSTICE BURNETT.

This is an original proceedings for mandamus by the State, on the relation of the Oregon Railroad & Navigation Company, petitioner, against William L. Bradshaw, Judge of the Circuit Court for Wasco County.

By the initiative process at the general election in November, 1910, the constitution of this State was so amended that the Supreme Court may in its own discretion take original jurisdiction in mandamus proceedings. Under the sanction of this amendment and proceeding according to the direction of Section 614, L. O. L., the Chief Justice of this Court, upon the petition of the Oregon Railway & Navigation Company issued an alternative writ of mandamus, directed to the circuit court of the State of Oregon for the county of Wasco and to Hon. William L. Bradshaw, its presiding judge, the recitals of which are as follows:

"Whereas, it has been made sufficiently to appear to our said court by the affidavit of the petitioner herein, the Oregon Railroad & Navigation Company, that here-

tofore there was begun in the said circuit court of the State of Oregon for the county of Wasco an action by the said petitioner against I. H. Taffe and M. E. Taffe, his wife, and the Celilo Improvement Company, for the condemnation of certain lands then and now lying in the county of Wasco, State of Oregon, and that in said action such proceedings have been had as that heretofore, and on the 25th day of June, 1910, a verdict was returned in the said cause assessing damages for the taking of the said lands at the sum of $11,000.00; and, whereas, it has been sufficiently made to appear to our said court that no judgment has been entered in the said cause, and that on the 12th day of September, 1910, and upon demand thereto by the plaintiff in the said action, the Oregon Railroad & Navigation Company, you, the said circuit court of the State of Oregon for the county of Wasco, refused to enter judgment in the said cause; and it now being made sufficiently to appear that no judgment will be entered in the said cause except by the command of our said court; and, whereas, it is sufficiently made to appear by the said affidavit of the petitioner that the petitioner desires to appeal from the judgment to be pronounced in the said cause."

The command of the writ was that upon service of the same upon the court it cause to be entered a judgment in the action therein described, or show cause why the same had not been done. The return to the writ is in the following language:

"That the said court was not authorized to enter the judgment asked for or any judgment of said court, save and except the order which was entered and could not lawfully enter the judgment asked for because of the provisions of the constitution and laws of the State of Oregon prohibiting said judgment, and because the sum of money assessed by the jury in said case as the damage for the taking of said strip of property was never paid into court as required by law and by the Constitution of the State of Oregon."

The petitioner filed a general demurrer to this return.

DEMURRER SUSTAINED.

*Mr. William W. Cotton* and *Messrs. Snow & McCamant* for petitioner.

*Messrs. Bennett & Sinnott* for respondent.

MR. JUSTICE BURNETT delivered the opinion of the court.

1. Under Section 620, L. O. L., for the purposes of this case, the writ, the return, and the demurrer constitute the pleadings. Although the argument at the hearing went largely into what kind of judgment ought to be directed by a peremptory writ, it is not stated in the alternative writ what were the terms of the judgment demanded by the petitioner. On the other hand, in the return it alludes to an order which was entered without reciting its terms. On the demurrer we can only determine the sufficiency of the return. The writ recites that judgment was refused and this is not denied. The question is whether a sufficient excuse has been given for not proceeding to some determination of the action described in the writ.

2. Mandamus will lie to compel some final judgment when a cause is ripe for such a conclusion; but its terms will not be prescribed by the court issuing the writ. The inferior court has the exclusive power in the first instance to render some final decision, whether the same be right or wrong, when considered upon appeal or other direct attack. Therefore, while a superior court will direct that some judgment be entered, it will not attempt to dictate what particular determination shall be spread upon the record. 2 Spelling, Inj. and Ex. Rem. §§ 1388, 1394, 1395, 1405, 1407; *State ex rel.* v. *Klein,* 140 Mo. 502 (41 S. W. 895); *California Pine Box & Lumber Co.* v. *Mogan,* 13 Cal. App. 65 (108 Pac. 882).

It is provided in Section 6860, L. O. L., that an action for condemnation of land by virtue of the power of eminent domain "shall be commenced and proceeded into final determination in the same manner as an action at

law, except as in that title of the code is otherwise specially provided." In Section 201, L. O. L., it is provided that "if the trial be by jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned." The only provision varying this rule in action for the condemnation of land is found in Section 6866, L. O. L.:

"Upon payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands * * to the corporation and thereafter the same shall be the property of such corporation."

The end to be attained in actions of this kind is not the recovery of the money but the condemnation and passing of the title to land. The payment of the money assessed as damages by the jury is a condition precedent to the judgment in favor of the plaintiff in such actions; otherwise, the action shall proceed as any other action at law.

Section 18, Article 1, of the State Constitution declares:

"Private property shall not be taken for public use nor the particular services of any man be demanded without just compensation; nor except in case of the State without such compensation first assessed and tendered."

It is said in Section 4 of Article XI of the Constitution:

"No person's property shall be taken by any corporation under authority of law without compensation being first made or secured in such manner as may be prescribed by law."

. No provision has been made for merely securing compensation for taking property under the right of eminent domain, but it is provided in Section 6839, L. O. L., that "no appropriation of private property shall be made until compensation be made therefor to the owner thereof, irrespective of any increased value thereof by reason of the proposed improvement by such corporation, in the manner hereinafter provided."

It may be well said that under these provisions of the constitution and statutes upon the subject, the return to the writ furnishes a sufficient excuse for not rendering final judgment in favor of the plaintiff appropriating to it the land which it desires for its purposes, but it does not show any reason why some other final judgment should not be rendered. On the return of the verdict in the action for the appropriation of the land, the cause was ripe for judgment. If the plaintiff desired it to be in its favor as demanded in its complaint, it could have had the same by paying the money into court for the use of defendants. Then, too, as any other action at law, if the plaintiff fails to meet the conditions precedent to judgment in its favor, a dismissal of the action is among the possibilities of the litigation. Section 179, L. O. L., defines a judgment to be "the final determination of the rights of the parties in the action." In the language of Chief Justice Wright in *Kramer* v. *Rebman,* 9 Iowa 114: "At law the judgment is yea or nay for one party and against the other, and recognizes no liens, awards, nor execution against specific property, unless when the proceeding is *in rem;* but simply contains the conclusion of the law upon the facts proved, and leaves the party to his legal or appropriate writ or process to enforce it."

3. We cannot here indicate what form of judgment the circuit court should enter under the circumstances of the case as disclosed by the writ, for that would be to exercise appellate jurisdiction in advance of the decision of the circuit court; but we do hold that the return to the writ is not a complete justification of the conduct of the circuit court, as narrated in the writ, and that so far as the record before us now discloses, the circuit court should enter some final judgment in the action.

The demurrer to the return is sustained with leave to the defendants to amend if they shall be so advised.

Demurrer Sustained.