Original jurisdiction in mandamus argued November 29;
jurisdiction denied December 2, 1943

## FORTE ET AL. v. PAGE

(143 P. (2d) 669)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK and HAY, Associate Justices.

*K. C. Tanner,* of Portland, for petitioners.

*Wilber Henderson,* of Portland, for defendant.

LUSK, J. We are asked in this case to take original jurisdiction in mandamus under Art. VII, § 2, of the Constitution. The relief sought by the petitioner is the disqualification of the Honorable E. M. Page, cir-

cuit judge, to act in a case pending in the Circuit Court for Multnomah County, and the vacation of a preliminary injunction heretofore issued by Judge Page in that case.

The matter before us arises, as the petition for an alternative writ of mandamus shows, out of a controversy over the control of the offices, affairs and finances of Mt. Hood Lodge, Local 72, International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America, which is a subordinate branch or local lodge of International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America. Thomas Ray, sometimes known as Tom Ray, had been treasurer, corresponding and financial secretary, and business agent of Local 72. Sometime prior to November 18, 1943, O. W. Mursener, acting for and on behalf of the president of the International, brought suit in the Circuit Court for Multnomah County against Ray for the purpose, among others, of having Ray ousted from his various offices. Judge Page, circuit judge for the third judicial district (Marion County), sitting in Multnomah County by assignment of the chief justice of this court, on November 18, 1943, entered in that case an order for an injunction *pendente lite* in the following terms:

"It is hereby ordered, adjudged, and decreed that the defendant, Thomas Ray, sometimes known as Tom Ray, be and he hereby is enjoined and restrained during the pendency of this suit from acting or attempting to act as corresponding and financial secretary or as treasurer or as business agent, or in any other capacity for or on behalf of Local 72, International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America, or in any way holding himself out to employers, the public, or the membership of Local 72 as having any author-

ity in respect thereto, or from interfering directly or indirectly in any way with the acts or actions of plaintiff in this suit, namely, Otto W. Mursener, as representative of the International president, in controlling the financial and business affairs of said Local 72, of the International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America.''

On November 22, 1943, Mursener, acting for and on behalf of the president of the International, brought another suit in the Circuit Court for Multnomah County against M. K. Forte, Hugh Fagan, and others, all members of Local 72, "and any employees or agents acting for or on behalf of Tom Ray or any of the aforementioned defendants.'' All the defendants named in that suit, except two, are the plaintiffs in the present proceeding in mandamus. Substantially, the complaint in the second suit alleges that the defendants, after being advised of the terms of the injunction issued in Mursener's suit against Ray, had prevented Mursener from taking over the control of the financial and business affairs of Local 72, and that they claimed to have elected M. K. Forte business agent and Hugh Fagan financial secretary of Local 72, and were acting in conjunction with Ray to set at naught the injunctive process of the court. It was also alleged that the defendants had assumed control of the business and financial affairs of Local 72; that, without warrant or authority, they had, from the funds of Local 72, paid Tom Ray a "bonus'' of $10,000; disbursed a sum in excess of $10,000 in connection with the litigation involving the personal claim of Tom Ray to office; and were continuing, without warrant or authority, to pay out other large sums of money from such funds. The prayer of the complaint was for an order enjoining the defend-

ants, during the pendency of the suit, from acting or assuming to act as members of an alleged "Governing Board" of Local 72, and from interfering directly or indirectly with the acts of Mursener as the representative of the International president in controlling the financial and business affairs of Local 72; for a judgment against the defendants and each of them for the sum of $20,000; for an accounting; and for a permanent injunction.

According to the allegations of the petition for an alternative writ of mandamus, the complaint in the last described suit was filed at about 9:00 a. m. on November 22, 1943, and about 11:00 a. m. of that day, and before any of the defendants therein had been served with process or knew of the pendency of such suit, Mr. Wilber Henderson, an attorney for the plaintiff therein, presented to Judge Page an application for the issuance of a temporary mandatory injunction. No action was taken upon the application at that time. The court adjourned at approximately noon; after the adjournment, M. K. Forte and other defendants in the suit were advised of its pendency; counsel was engaged by them; and at 2:00 p. m. of the same day there was filed an affidavit of prejudice, sworn to by the said M. K. Forte, and charging that Judge Page was prejudiced against Forte and could not give him a fair and impartial hearing. The attorney for Forte and the other defendants thereupon moved for a change of judge, but the court ruled that the affidavit was not timely filed, and issued a temporary injunction in the following language:

"In the above entitled action, plaintiff having filed his duly verified Complaint in which, among other things, he prays for an injunction pendente lite; and

"It having appeared to the Court that an injunction pendente lite should be issued upon the filing of an undertaking by the plaintiff in the sum of $100,-000 in due form approved by the Court, and said undertaking having been filed and approved by the Court:

"NOW, THEREFORE, you and each of you and each and all of your agents, employees and servants are hereby absolutely enjoined and restrained during the pendency of the above entitled suit and until otherwise ordered by the Court from acting or assuming to act as a member of a Governing Board or in any other official capacity of Local 72, International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America, or in any way holding yourselves out to employers, the public or the membership of Local 72 as having any authority in respect thereto;

"AND FURTHER, you and each of you are restrained and enjoined from interfering directly or indirectly in any way with the acts or actions of plaintiff, O. W. Mursener, as a representative of the International President of the International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America in controlling the financial and business affairs of said Local 72 of said International Brotherhood."

As stated, the plaintiffs contend that we should take jurisdiction not only to compel the defendant to disqualify himself from further acting in the suit of *Mursener v. Forte* and others, but also for the purpose of determining that he was disqualified to issue the preliminary injunction, thus, in effect, declaring that order void.

■ We are of the opinion that, with respect to the latter question, no alternative writ should issue, because the petition for the writ plainly shows that the affidavit of prejudice was not filed, and the motion for a

change of judge not made, within the time required by law. The applicable statute provides that "the affidavit and motion for change of judges to hear the motions and demurrers or to try the case may be made at any time, either before or after the assignment of the case for trial, and either before a hearing upon a motion or demurrer or the commencement of trial of the said cause", § 1-503, O. C. L. A. Construing this statute in *Ralston v. Stone,* 113 Or. 506, 515, 232 P. 631, the court, speaking through Mr. Justice RAND, said:

> "As used in this statute the phrase 'before a hearing upon a motion or demurrer' means, and can only mean, the submission to the court for decision of a motion or demurrer, and it matters not whether the motion or demurrer is submitted upon oral or written argument, or submitted without argument if argument is waived. The statute contains no language indicating a legislative intent to provide that by the mere filing, by a party or his attorney, of an affidavit which states no facts but merely imputes prejudice, a Circuit Judge, to whom a matter has been submitted for decision, can be deprived of the power to determine that matter."

According to the averments of the petition, the motion for a preliminary injunction was submitted to the court before noon of November 22, 1943, and the affidavit of prejudice was not filed until 2:00 o'clock in the afternoon of that day. The "hearing" upon the motion for a preliminary injunction had, at that time, already been concluded; and, under the plain terms of the statute, therefore, the affidavit and motion came too late.

It can make no difference that the defendants in the suit, not having been served with summons or otherwise been advised of the pendency of the applica-

tion for a preliminary injunction, had no opportunity to file an affidavit of prejudice before the hearing on that application. Under § 9-402, O. C. L. A., which provides: "An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree", an injunction may be issued even before the service of summons. *Breese v. Bramwell*, 102 Or. 76, 201 P. 729. Section 9-406, O. C. L. A., provides: "If the injunction be allowed without notice, the defendant may, at any time before trial, upon notice, apply to the court or judge thereof, to vacate or modify the same." For obvious reasons, this power to issue a preliminary injunction or restraining order, without notice, should be exercised with caution and only in cases of pressing necessity. 32 C. J., Injunctions 307, § 499. But we think that it was not the intention of the legislature to ordain that, when a case of urgent necessity for the issuance of a preliminary injunction is presented to the judge, he must, before acting, notify the party sought to be enjoined in order to afford him an opportunity to prevent action by filing an affidavit of prejudice. Such a construction of the statute would amount virtually to a repeal of the provisions which authorize the issuance of injunctions without notice, and would deprive the courts of a power which, while rarely exercised, is, on occasion, essential to the due administration of justice. It is a construction, moreover, inconsistent with our decision in *State ex rel. v. Mart*, 135 Or. 603, 283 P. 23, 295 P. 459, a case in which an ex parte restraining order was issued by the circuit court before service of summons. After the complaint, summons and restraining order were served on the defendant, he filed an affidavit of prejudice against the judge. The affidavit was held to have been seasonably filed so as to disqualify the judge from taking any

further part in the case. The case arose in Clatsop County, and the governing statute provided that "no such motion and affidavit shall be filed against any judge after such judge has passed upon any petition, demurrer or motion, except a motion to extend time in any such cause, matter or proceeding", § 1-502, O. C. L. A. Had the court been of the opinion that the allowance of a motion for a preliminary injunction without notice came within the terms of the foregoing provision, it could not have been held that the affidavit of prejudice in that case was seasonably filed.

■ A claim is made of irregularities in the manner of assigning the hearing of the application for a preliminary injunction by the presiding judge of the circuit court to Judge Page. It is alleged that the assignment was made, not in the courtroom or in chambers, but in the corridor of the courthouse near the entrance to the judges' chambers, and that the presiding judge did not understand that the application was to be made in a new case, rather than in an already pending case involving the affairs of Local 72. But we are unwilling to enter upon an original inquiry into these matters, which, in our opinion, do not go to the question of the jurisdiction of Judge Page to act. It would appear, moreover, that the presiding judge in open court, having been informed fully of the facts respecting the assignment, ratified, and that he certainly did not repudiate, his previous action.

The petition also set out Rule 3 of the circuit court, which reads:

"The Presiding Judge shall have charge of all suits, actions, special proceedings and other matters coming before the Court, until the issues are settled and shall assign all cases for trial."

■ It is argued that the assignment to Judge Page violated this rule. The point raises no jurisdictional question. Rules of court of this type are directory, not mandatory, 64 C. J., Trial 61, § 55. They are adopted for the convenient administration of the business of the court, and it is well known to the members of this court who have sat upon the bench in Multnomah County or practiced law there, that Rule 3 has been so construed from the beginning, and that whenever it seemed expedient to the presiding judge he has assigned the hearing of motions or demurrers or other preliminary matters to other judges. That, indeed, must have been the course taken in the case of *Mursener v. Ray*, for it was Judge Page, not the presiding judge, who passed upon the application for an injunction *pendente lite* in that case.

■ The remaining question is whether we should assume jurisdiction insofar as future proceedings in the case of *Mursener v. Forte* and others are concerned. In that regard the petition shows *prima facie* that the affidavit of prejudice was seasonably filed: § 1-503, O. C. L. A. See *Phy v. Allen*, 115 Or. 168, 172, 236 P. 1056. If, therefore, facts are stated in the petition from which it is made clearly to appear that the defendant intends to participate further in the case we should feel impelled to issue an alternative writ, as we have done in several cases of the same character. See, for example, *State Capitol Reconstruction Commission v. McMahan*, 160 Or. 83, 83 P. (2d) 482. But in those cases it was manifest, not only that there was a grave question whether the judge had not erroneously refused to allow the motion for a change of judges, but also that he would, unless commanded to do otherwise, proceed to act in the case. That, we think, is not the posture of affairs here. As has been seen, the case of

*Mursener v. Forte* and others had but just been filed, the defendants had not been served with process, the case was not ready for trial, and Judge Page was not assigned by the presiding judge to try it, but merely to hear and pass on an application for a preliminary injunction. These being the circumstances, it is evident that the judge treated the affidavit of prejudice as having been filed for the purpose of disqualifying him to act in the only matter before him and not in some distant matter such as the trial of the case, to which he had not been assigned. Rightly, as we have held, he refused to step aside, but proceeded to pass upon the question which had been submitted to him. By so doing he did not manifest an intention to participate further in the case.

It is true that the petition contains an allegation that unless a writ issues out of this court Judge Page ''will proceed in said cause to enforce said preliminary injunction and will try said case''. But there is nothing in the facts brought to our attention which justifies that prediction, which, in view of the actual situation, may be regarded merely as the unsupported conclusion of the pleader.

■■ Mandamus is an extraordinary remedy. When sought in this court in an original proceeding the question whether we shall take jurisdiction is addressed to our sound discretion. Like an injunction, the remedy is not to be employed unless the necessity therefor plainly appears and the writ will be withheld where its issuance would be an idle act: 34 Am. Jur., Mandamus 831, §§ 36, 37. Nothing now before us reveals a case of such necessity, and it will be time enough to issue a writ when, if ever, it is clearly shown to the court that the defendant in this proceeding is about to participate further as a judge in the case of *Mursener v.*

*Forte* and others. If that contingency should arise the plaintiffs will be permitted to renew their application, and upon the issuance of the writ the defendant will have the opportunity to make proof of facts, if any exist, which overcome the *prima facie* showing in the petition that the affidavit of prejudice was seasonably filed.

For the foregoing reasons the petition for an alternative writ of mandamus is denied.