Argued on demurrer May 29, demurrer sustained May 29,
written opinion filed June 20, 1956

## STATE OF OREGON EX REL VENN v. REID

298 P. 2d 990

618

*E. B. Sahlstrom* and *Clyde N. Johnston,* of Eugene, argued the cause for respondent. With them on the brief were S. M. Calkins, Herbert Lombard, William W. Bartle, Chester N. Anderson, Richard Bryson, William Huey, E. L. Kincaid, E. R. Bryson, Hale G. Thompson, J. Daniel Givan, L. L. Ray, Lewis Hoffman, and Clarence Barrett, Jr., of Eugene, and Marvin O. Sanders and Jack B. Lively, of Springfield.

*Eugene C. Venn,* District Attorney, and *Edward Leavy,* Deputy District Attorney, of Eugene, argued the cause for petitioner.

A brief was filed by the following attorneys as amici curiae: Alberta E. Heffron, of Springfield, and Keith D. Skelton, George T. Langford, Richard E. Miller, Charles O. Porter, Gordon A. Ramstead, Thelma Chapman Fowler, W. P. Riddlesbarger, Bert McCoy, D. T. Bayly, James P. Harrang, Frank R. Lacy, L. D. Pederson, David F. Lentz, Cecil Stickney, Stanley R. Darling, and Frank E. Bocci, of Eugene.

LATOURETTE, J.

This is an original proceeding in mandamus brought by the state of Oregon on the relation of Eugene C.

Venn, District Attorney for Lane county, Oregon, as the petitioner, against Frank B. Reid, presiding judge of the circuit court of the county of Lane, second judicial district, state of Oregon, as the respondent.

Upon the District Attorney's proffer of a petition for a writ of mandamus, we assumed jurisdiction and caused an alternative writ to be issued requiring Judge Reid to discharge the grand jury for the county of Lane, empaneled on the 26th day of April, 1956, or show cause to this court why he had not done so. Judge Reid filed a demurrer to the writ of mandamus on the ground that it did not state facts sufficient to warrant issuance of the writ. The demurrer was set down for hearing, petitioner and his deputy Edward Leavy, appeared in person, and respondent appeared by his attorneys, E. B. Sahlstrom and Clyde N. Johnston. After hearing argument, the court retired, and after conference sustained the demurrer in open court with notice to the parties that a written opinion would be forthcoming.

The writ, inter alia, contains the following language:

"That you, the said Honorable Frank B. Reid, did exceed your jurisdiction in empaneling the said Grand Jury on April 26, 1956 and in doing certain acts in connection with the preparation of the purported 1956 jury list prepared and certified by the said Harry L. Chase, from which the said Grand Jury was drawn, in the following particulars, to-wit:

"1. That on or about February 1, 1956, you, the said Honorable Frank B. Reid, did advise a deputy clerk to ignore certain provisions of the law of the State of Oregon relating to the drawing of a jury list as enacted by the 1955 legislature.

"2. That on or about February 1, 1956 you, the said Honorable Frank B. Reid, did direct a deputy

clerk to select names from the 1955 jury list for inclusion in the 1956 jury list in the manner described in Paragraph V, sub-paragraphs c, d, e and f above.

"3. That sometime during the period from February 1 to February 14, 1956 you, the said Honorable Frank B. Reid, did present a list of approximately 40 names, most of whom were labor union officials and leaders or their wives, to a deputy clerk with the instruction that said names be inserted into said 1956 jury list from which the March, 1956 term jury panel was drawn and from which panel the Grand Jury was drawn on April 26, 1956.

"That because of the above facts among others, the said Grand Jury is illegally constituted and void. That presently the Petitioner, Eugene C. Venn, Lane County District Attorney, has some 20 felony matters which have been bound over to the Grand Jury for Lane County and in the discharge of his duties cannot submit said matters to a Grand Jury which he verily believes to be illegally constituted and void. That because thereof the Petitioner is hampered in his duty to speedily prosecute criminal matters, and the rights of said individuals awaiting the disposition of said matters are seriously impaired.

"That you, the said Honorable Frank B. Reid, as presiding Circuit Judge of the Circuit Court for the County of Lane, Second Judicial District, have the duty enjoined upon you by your office to discharge the presently empaneled Grand Jury which is illegally constituted and void and without legal authority to act in order that a valid Grand Jury may be subsequently empaneled, and thereupon to cause to be empaneled a properly drawn Grand Jury.

"That a validly constituted Grand Jury cannot be drawn from the 1956 jury list which is void and that irreparable injury would result to the State

of Oregon and the people of Lane County if a new Grand Jury were to be so drawn.

"That on May 3 and May 9, 1956 the Petitioner moved the Circuit Court for the County of Lane to discharge said Grand Jury for the reason that it was irregularly and illegally constituted. That said motions were overruled by an Order entered on May 9, 1956 by the Honorable Dal M. King, Circuit Judge of the Second Judicial District."

ORS 34.110 reads as follows:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law *specially enjoins,* as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not *control judicial discretion.* The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." (Italics ours)

ORS 34.150 reads as follows:

"The writ shall be either alternative or peremptory; when in the alternative, it shall state concisely the facts, according to the petition, showing the obligation of the defendant to perform the act, and his omission to perform it, and command him, that immediately after the receipt of the writ, or at some other specified time, he do the act required to be performed, or show cause before the court or judge thereof, by whom the writ was allowed, at a time and place therein specified, why he has not done so; * * *"

█ It is well recognized in this state that a petition for mandamus is no part of the pleadings. An alternative writ of mandamus is tantamount to a complaint in other actions. It must contain facts alleging a

cause of action and such facts must be legally sufficient so that the mandamus portion of the writ follows as a matter of law. The function of the demurrer is to test the sufficiency of the writ and for this purpose, every fact well pleaded therein is construed as admitted. See *Olds v. Kirkpatrick et al.*, 183 Or 105, 111, 191 P2d 641.

The sole question presented by the allegations of the writ is the alleged duty of Judge Reid personally, as distinguished from some other judge of the district, to discharge the April grand jury for Lane county. Although on demurrer the facts well pleaded in the alternative writ are admitted to be true, as hereinbefore pointed out, yet the allegations of the writ do not show a clear and positive duty on the part of Judge Reid to act as the writ requires him to do. We do not wish to be understood as saying that if the matter as alleged in the alternative writ were properly presented against the right person, and the facts were undisputed, that a writ could not be issued to compel the required action, provided a motion or other proceeding was pending before him requiring action. This is a proceeding in mandamus and the jurisdiction in such a proceeding is circumscribed by well defined rules.

In *State ex rel. v. Bradshaw*, 59 Or 279, 117 P 284, an original proceeding in mandamus, this court, speaking through Mr. Justice BURNETT, said:

"Mandamus will lie to compel some final judgment when a cause is ripe for such a conclusion; but its terms will not be prescribed by the court issuing the writ. The inferior court has the exclusive power in the first instance to render some final decision, whether the same be right or wrong, when considered upon appeal or other direct attack. Therefore, while a superior court will direct that some judgment be entered, it will not attempt to dictate what particular determination shall be spread upon

the record. 2 Spelling, Inj. and Ex. Rem. §§ 1388, 1394, 1395, 1405, 1407; State ex rel. v. Klein, 140 Mo. 502 (41 S. W. 895); California Pine Box & Lumber Co. v. Mogan, 13 Cal. App. 65 (108 Pac. 882).

"* * * * *

"We cannot here indicate what form of judgment the circuit court should enter under the circumstances of the case as disclosed by the writ, for that would be to exercise appellate jurisdiction in advance of the decision of the circuit court; * * *"

Substantially, the same rule is announced in *United States of America v. Cohn,* 201 Or 680, 684, 272 P2d 982. In that case, this court, speaking through Mr. Justice BRAND, had the following to say:

"* * * Irrespective of the rule of pleading which limits us to a consideration of the allegations contained in the alternative writ, it is firmly established in this state that no petitioner is entitled to the remedy of mandamus unless he has a clear legal right to the performance of the particular duty sought to be enforced and unless there is a plain legal duty on the part of the defendant to perform the act. * * *"

In 55 CJS 85, Mandamus § 51, we find the following:

"The primary purpose or function of a writ of mandamus is to enforce an established right, and to enforce a corresponding imperative duty created or imposed by law. * * * Its principal function is to command and execute, and not to inquire and adjudicate, and, therefore, it is not the purpose of the writ to establish a legal right, but to enforce one which has already been established." See *State ex rel. v. Dobson,* 171 Or 492, 235 P2d 794.

In *State ex rel. Ricco v. Biggs,* 198 Or 413, 422, 255 P2d 1055, we said:

"It has become hornbook law in this state that

the writ of mandamus cannot be used as a means of controlling judicial discretion, nor as a substitute for appellate review. The statute restricts its use to instances involving the performance of an act which the law specially enjoins. Mandamus will never lie to compel a court to decide a matter within its discretion in any particular way. It will lie, however, to compel a court to assume and exercise its jurisdiction to decide a *matter properly before it,* though it cannot control or direct what the decision shall be. The rules governing the use of the writ of mandamus, its purposes, and its limitations have been stated and restated by this court many times. * * *.'' (Italics ours)

■ It will be noted from the writ that on May 3 and May 9, 1956, the District Attorney moved the circuit court for Lane county to discharge said grand jury for the reason that it was illegally constituted and that on May 9, the Honorable Dal M. King, circuit judge of the second judicial district, overruled said motion. We take judicial notice that Judge King acted within his jurisdictional rights inasmuch as the second judicial district, of which he is judge, embraces Lane county. So far as the writ is concerned, Judge King's ruling on the motion disposed of it and there is not now, nor has there been since entry of such order, any motion or proceeding pending in Lane county requesting Judge Reid to discharge the April grand jury.

This proceeding instituted by the District Attorney is indeed unique and without parallel in the annals of the jurisprudence of this state. Every mandamus proceeding in this court involving a circuit judge, so far as we have been able to ascertain, unlike the instant matter, has sprung from some proceeding theretofore pending before a circuit judge against whom a coercive writ of mandamus is sought. The previous cases of

that character have been ones where it has been claimed that the judge has refused to act on a matter pending in his court, where it was his positive duty to act, as in *State ex rel. Ricco v. Biggs,* supra, or wherein he has acted in such a proceeding erroneously and without authority of law, as in *Pardee v. Latourette,* 168 Or 584, 125 P2d 750.

■ It is asserted on behalf of the District Attorney that the circuit court has the inherent power and general constitutional and statutory duty to discharge unlawfully selected grand juries and it is argued in effect that Judge Reid should have, with his knowledge of the illegally constituted grand jury, sua sponte, discharged the same and that, having failed to perform this act which the law requires him to perform, mandamus will lie.

This argument is indeed novel, but, in our opinion, is not tenable for the reason that ORS 34.110, supra, permits a mandamus writ to be issued "to compel the performance of an act which the law *specially enjoins.*" (Italics ours) No law has been called to our attention which specially enjoins Judge Reid to discharge the April grand jury.

We pointed out in the case of *United States of America v. Cohn,* supra, that there must be a "plain, legal duty on the part of the defendant to perform the act" irrespective of the rule which confines us to a consideration of the allegations of the alternative writ. That there is no legal duty on the part of Judge Reid to perform the act for which he is mandamused, to-wit, a discharge of the April grand jury, is manifest for very cogent reasons now to be stated.

■ By reason of the personal attack that was made upon him as disclosed by the writ of mandamus, Judge Reid was not qualified, nor is he now qualified,

as a matter of law, to adjudicate the question of the legality of the formation of the April grand jury. The principle is as old as the law itself that a person cannot judge his own case. We quote from 30 Am Jur 771, Judges § 56, as follows:

"It is an ancient maxim of the law that no man ought to be a judge in his own cause, a maxim which appeals with such force to one's sense of justice that it is said by Lord Coke to be a natural right so inflexible that an act of Parliament seeking to subvert it would be declared void; and since a case wherein a judge is interested is one wherein, to an extent and in effect, the case becomes his own, it has been held, accordingly, from the earliest times that a judge is disqualified from acting in a case in which he has an interest. This rule is embodied in the Constitutions and statutes of many of the states which expressly provide that judges shall not sit in cases in which they are interested. * * *"

We have a statute covering this matter, ORS 14.210, which reads as follows:

"(1) A judicial officer shall not act as such in a court of which he is a member in any of the following cases:

"(a) When he is a party to or directly interested in an action, suit or proceeding;

"* * * * *"

In the case of *Archerd v. Burk,* 148 Or 444, 451, 36 P2d 338, it appears that Judge McMahan in a criminal case in Marion county, disqualified himself to try the case because of his friendship with the defendant. Judge Walker of an adjoining county was called in and heard the case. In regard to the propriety and right of Judge McMahan to disqualify himself, we said:

"We quote from a recent treatise on Judicial Discretion of Trial Courts:

"'If a judge knows himself to be disqualified

in a particular case, it is not only his right, but it is unquestionably his duty, to decline to preside at the trial of that case; and this duty he should perform sua sponte and not wait for objection to be made thereto.'

"In State v. Gibson, 204 Iowa 1306 (214 N. W. 743, 745), it is said:

" 'The high appreciation of judicial duties should prompt any judge to refrain from presiding at the trial of one charged with crime when he feels a consciousness that he cannot act in the matter with impartiality and without a feeling of prejudice.'

"That Judge McMahan, being impelled by such a motive, declined to preside at the trial of plaintiff gave no ground for just complaint or objection. The highest type of true judicial mindedness is that which in a given case recognizes its own inability to function as such. The plaintiff herein was not entitled to a friendly, but only to an impartial judge."

See *Offutt v. United States,* 348 US 11, 208 F2d 842.

The writ discloses that the motion of the District Attorney challenging Judge Reid's action relating to the grand jury and asking for its discharge was, as we have previously noted, heard and ruled upon by Judge King. It is obvious that the hearing was held before Judge King because Judge Reid had voluntarily and necessarily disqualified himself to hear the matter, first, because of his knowledge of and deference to the controlling provisions of ORS 14.210, supra, and secondly, and independently of that statute, because, as a proper sense of his ethical duty in the premises. That Judge Reid had at least acted in obedience to ORS 14.210 is a fair presumption justified by ORS

41.360 on disputable presumptions and particularly subsection 15 thereof providing that an "official duty has been regularly performed" and subsection 34 that "the law has been obeyed." (Although not a matter of official record before us, nevertheless, we think it is appropriate here to observe that during the course of the oral argument, the District Attorney, in response to a question from the court, conceded that Judge Reid had actually disqualified himself from a hearing of any matter relating to or emanating from the April grand jury, and that those matters had been assigned to Judge King for hearing and determination.)

■ Judge Reid is prevented by virtue of the law from acting in the matter because Judge King had previously and on the District Attorney's motion adjudicated the question of the validity of the April grand jury. For us to order Judge Reid to take the action suggested in the writ would be to order him to violate the provisions of a specific statute, action, which it is manifest, we are not authorized to take. ORS 16.740 is as follows:

"If a motion made to a judge of the court in which the action, suit or proceeding is pending is refused in whole or in part, or is granted conditionally, no subsequent motion for the same order shall be made to any other judge. * * *"

■ We find the following language in 55 CJS 116, Mandamus § 69, to-wit:

"Mandamus will not lie to compel a particular judge to act in a case or proceeding where the court is composed of several judges, or there are two or more judges in the circuit and the case or proceeding has been regularly assigned to, or directed to be heard by, another judge who is not disqualified. * * *"

See 35 Am Jur 28, Mandamus § 256.

A case somewhat analogous to the present case is *Rutkowski v. St. Sure,* 143 F2d 715. It appears that Rutkowski filed a mandamus proceeding with the circuit court of appeals, ninth circuit, to compel Judge St. Sure, a district judge, to hear a habeas corpus matter. The court over which Judge St. Sure presides consists of four judges. The habeas corpus petition which was originally filed with Judge St. Sure was assigned to Judge Goodman and a hearing on the petition was had before him with Rutkowski's attorney participating. Judge Goodman disallowed the petition. The court of appeals, in an opinion written by Judge Stephens, held that the assignment of the petition for hearing to Judge Goodman was proper and its disposition on the merits rendered the judgment valid. The mandamus proceedings to require Judge St. Sure to again pass on the matter was dismissed.

■ It is universally understood by students of jurisprudence that the writ of mandamus is an extraordinary remedy and is not a favorite of the law and may only be employed in a clear case where the law specially enjoins a duty resulting from an office, trust or station.

We quote from the language of Mr. Justice BURNETT in *McCarger v. Moore,* 89 Or 597, 599, 175 P 77, as follows:

"The judicial system of the state has not been changed otherwise than as provided in the amended form of Article VII of the State Constitution adopted by the initiative process at the general election of November, 1910, and Section 6 of the article as it formerly read remains in force, by which it is declared that:

" 'The Supreme Court shall have jurisdiction only to revise the final decisions of the Circuit Court.'

"The only exception to this rule promulgated by the amendment referred to is that the court may in its own discretion take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings: Article VII, § 2. This court, therefore, is one of limited jurisdiction aside from the instances just mentioned. *It cannot acquire authority to act except in the manner provided by statute, in a case of the kind before us, and can exercise only power expressly conferred upon it by statute.* Except in the stated instances of our original jurisdiction, authority of this court to hear and determine a case is derived from perfection of an appeal." (Italics ours) See also *Forte et al. v. Page,* 172 Or 645, 143 P2d 669.

■ Thus, it is observed that the Supreme Court is a court of limited jurisdiction, circumscribed in its powers by constitution and statute. By the constitution we are given original jurisdiction in mandamus, habeas corpus and quo warranto and other than this, by virtue of Article VII, § 6 of the constitution, we "have jurisdiction only to revise the final decisions of the circuit courts." In exercising the power of mandamus, we are controlled by ORS 34.110, which permits us to compel a judge to perform an act which the law "specially enjoins."

■ Mandamus, while classified as a legal remedy in the nature of an action at law, is in fact a special proceeding, the requirements of which differ from the pleading and practice prescribed for ordinary actions. See *Buell v. Jefferson County Court,* 175 Or 402, 152 P2d 578.

In speaking of the writ, Mr. Justice Rossman, in *State ex rel. v. Duncan,* 191 Or 475, 491, 230 P2d 773, had the following to say:

"This proceeding is one of mandamus. Our legislature, in 1862, codified many of the extraordi-

nary remedies, including mandamus. As reduced to statutory form, mandamus

> " 'may be issued to any inferior court, * * * to compel the performance of an act which the law specially enjoins, as a duty * * *; but though the writ may require such court, * * * to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law."
> "* * * * *
> "* * * Plainly, the legislature intended that mandamus should be an extraordinary remedy. Since the legislature subjected an official to whom a peremptory writ was addressed to both fine and damages, it restricted the use of the remedy only to instances involving 'the performance of an act which the law specially enjoins.' In order to lessen the possibility of being misunderstood, our statute added the words that the writ should never be employed as a means of controlling judicial discretion.
> "* * * * *
> "We shall review our decisions pertaining to mandamus no further. We are satisfied that a writ of mandamus as authorized by our statute is a command and nothing else. Such a writ is not a means of controlling judicial discretion or bringing about its appellate review."

■ In any event, the District Attorney does not ask us to compel Judge Reid to merely act in the matter we are concerned with, but to act in a particular manner, that is, to discharge the Lane county April grand jury. If we were permitted to accede to his request, we would be interfering with Judge Reid's judicial discretion, in violation of the statute on mandamus which was so ably construed by Mr. Justice ROSSMAN

in the Duncan case, and contrary to our holding in the case of *State ex rel. Ricco v. Biggs,* supra, in which we said mandamus will never lie to compel a court to decide a matter within its discretion in any particular way.

It is evident from the limitations thus imposed, and contrary to popular understanding, that this court can not be looked to as a dispenser of panaceas for all the ills of the commonwealth, nor are we authorized to sabotage well established principles of law and practice for the sake of assumed expediency. No court is authorized to construe law to fit each individual case as it arises. If it attempted such, the orderly administration of justice, according to the well established rules adopted to protect the public, would cease and chaos would reign.

Every lawyer should know our ruling on the demurrer is not a ruling on the truth or falsity of the allegations found in the writ respecting the conduct of Judge Reid. Every lawyer should also know that nothing here said is res judicata as to the merits of the controversy and that our action in the premises does not foreclose a proper inquiry when brought in a proper proceeding against the proper parties. Responsibility for any delay in a final disposition of the matters referred to in the writ rests in the authors of the petition and not upon this court.

The District Attorney, in an effort to rid Lane county of the April grand jury, filed a motion with the circuit court of the county to effectuate such purpose. The matter came on regularly for hearing before Judge King, with no objection, so far as the record discloses, on the part of the District Attorney or anyone else. According to the allegations of the writ, Judge King acted adversely to the District Attorney's contentions.

We are not advised by the writ as to the reasons given by Judge King for his adverse ruling. We do not know whether his ruling involved a consideration and determination of the facts, or whether it involved only a question of law. If it involved a consideration and determination of the facts, then such determination could not possibly be reached in this court by mandamus. If it involved a consideration and determination of a matter of law only, and it was made to appear that a positive rule of law applied to the undisputed facts and that the court erroneously construed the law, then mandamus would lie. If Judge King made an error in his decision that could be reached by mandamus, the District Attorney had a clear and perfect right to apply to this court for relief, making Judge King a party-defendant. This he did not do but engaged in an expedition wholly without precedent and contrary to law. For the reasons stated, the demurrer is sustained and the writ will be quashed.

LUSK, J., with whom Rossman and Brand, JJ., concur, dissenting.

The alternative writ, after alleging certain illegal practices on the part of the defendant and others in the selection of the jury list from which the grand jury was drawn, commands that "you, after the receipt of this Writ, do discharge the Grand Jury for the County of Lane empaneled on April 26, 1956 or that you show cause" for not having done so.

Among the charges in the writ is the following:

"That sometime during the period from February 1 to February 14, 1956 you, the said Honorable Frank B. Reid, did present a list of approximately 40 names, most of whom were labor union officials and leaders or their wives, to a deputy clerk with the instruction that said names be inserted into the 1956

jury list, which names were in fact inserted into said 1956 jury list from which the March, 1956 term jury panel was drawn and from which panel the Grand Jury was drawn on April 26, 1956.''

It is also alleged that the names of approximately 64 persons were submitted to a deputy county clerk by seven individuals to be placed upon the 1956 jury list, that said deputy county clerk arbitrarily placed said names upon the 1956 jury list, and that a member of the grand jury is a person whose name was thus submitted.

Other illegal acts are alleged, but for present purposes they need not be specifically referred to. The charges which we have set forth, if true, show a violation of ORS 10.080, which reads:

"(1) No person shall ask or request any sheriff, constable or any other person, whose duty it is under the law to select or summon any jury or juror, to select or put him upon the jury; nor shall any person procure or offer to procure for himself or for another person a place upon any jury or seek to have himself or another placed upon the list of jurors that is required by law to be made.

"(2) No sheriff, constable or other person whose duty it is under the law to select or summon a jury shall select, summon or place upon any jury any person whom he has been asked or requested to select or summon.''

The defendant, by his demurrer, admits the truth of all the allegations of the writ which are well pleaded, including the charge that he himself violated the statute which we have quoted. If these things be true, then we are dealing with a packed jury and a circuit judge who is a party to the packing. Were the demurrer to be overruled the defendant would have the right to answer the charges. If he should fail to deny them,

or if he should deny them but the evidence should sustain them, in either case we see no reason why this court should not exercise the power conferred upon it by the Constitution to put an end to an intolerable situation by issuing its writ of mandamus to compel the defendant to discharge this illegal grand jury. We can see many reasons why this court should do so, among which may be mentioned the following: First, our duty to defend the integrity of the jury system; second, the great public inconvenience which may result from an illegally constituted grand jury, the validity of whose indictments will be open to question; third, the reasonable apprehension that a packed grand jury might refuse to indict where it should indict.

If these charges be true, then the defendant has a duty which "the law specially enjoins" (ORS 34.110) to discharge this illegal grand jury. Here is no question of controlling judicial discretion. The defendant, as presiding judge of the Lane County Circuit Court, has no discretion to keep this grand jury another day or another hour. The duty resting upon him is one that he cannot disqualify himself to perform, and the fact that there is no statute specifically prescribing the duty is beside the point. No statute required the defendant judge in *State ex rel. Ricco v. Biggs*, 198 Or 413, 255 P2d 1055, 38 ALR2d 720, on which the majority rely, to determine whether the relator, under indictment for a misdemeanor, was entitled to a change of venue. The statute involved withheld that power from the court in a misdemeanor case and was declared unconstitutional—wrongly, as I thought and still think,—by this court. The duty here arises as a consequence of the violation of statutes governing the selection of the jury. It is the duty of a judicial officer to enforce the law which he has sworn to uphold.

The majority opinion betrays a misunderstanding of the nature of this proceeding. It was not instituted for the purpose of compelling the defendant to decide anything, much less to decide something in a particular way. All the learning in the majority opinion employed to demonstrate that a judge may not sit in his own case—about which there can be no dispute—is therefore irrelevant.

This is not a case in which it is sought to compel the circuit judge to try a law suit in which he is personally interested. This is a law suit between the state of Oregon, as plaintiff, and Judge Reid, as defendant, in which the state seeks a writ of mandamus commanding the defendant, in the exercise of one of his administrative functions, to discharge a ministerial duty. It is this court, not the defendant, that is asked to determine the question whether the grand jury for Lane County is an illegal grand jury. Were there an issue of fact here, this court, not the defendant, would have to determine the facts. Since there is only an issue of law arising on a demurrer and the admitted facts disclose the nature of the defendant's duty, the demurrer should be overruled and the defendant permitted to answer the writ.

What has already been said sufficiently shows that the majority's reliance on ORS 16.740 is misplaced. The purpose of that statute is to prevent a litigant, whose motion has been passed on unfavorably by one circuit judge, from applying to another circuit judge for the allowance of the same motion. The section cannot be so construed as to deprive this court of its power to compel action which the law enjoins, even though it be action by a circuit judge and a different circuit judge has refused to take such action.